## GRANT *v.* THE STATE.

*Lumpkin, J.*—1. When, in certifying concerning the correctness of the grounds of a motion for a new trial, the judge below explains or modifies its recitals of fact, this court, in arriving at a knowledge of what actually occurred, will be governed by the statements in the judge's certificate.

2. Pursuing this course in the present case at the October term, 1895, this court correctly arrived at the facts; and therefore, the application for a rehearing, based upon the ground that it failed to do so, is without merit. Were it otherwise, such application could not be entertained after the expiration of that term.

3. The "extraordinary" motion for a new trial, based upon alleged newly discovered evidence, when considered in connection with the counter-showing presented by the State, affords no legal cause for setting aside the original judgment.

> *Application for a rehearing in the original case denied.*
> *Judgment in the present case affirmed.*
>
> Argued October 8,—Decided October 19, 1896.

Indictment for murder. Before Judge Fish. Sumter superior court. May term, 1896.

*E. F. Hinton*, *E. A. Nisbet* and *J. F. Watson*, for plaintiff in error. *J. M. Terrell*, *attorney-general*, and *J. M. DuPree*, *solicitor-general*, by *L. J. Blalock*, contra.