## BUCHANAN v. THE STATE.

118  751
124  770

FISH, P. J.  1. " Courts of record have inherent power to adjourn from day to day and from week to week."

2. " The judge may by oral order in open court fix the date of the adjourned session."

3. " It is the duty of the clerk to make a note of such oral order on the minutes, but his failure so to do is an irregularity which is not fatal to the validity of the adjourned session."

4. " In the present case it affirmatively appears from the defendant's plea that the order of adjournment was regularly made in open court."

5. " Where a superior court is required to continue its session for more than one week, the statute requires the judge to summon a separate panel of jurors for each week."

6. " But where the act does not designate the length of the term, the judge may adjourn court from week to week, and require the attendance of the same panel during the adjourned session." .

7. " During the first week of the term, the judge may also draw tales jurors for attendance during the adjourned session."  *Cribb* v. *State*, 118 *Ga.* 316.

8. A ground of the motion for a new trial was :  " That the name of one C. J. Boyd was on the panel of jurors put upon the prisoner.   One C. J. Bowen served in his place, and when the name of the former was called, the latter answered and served on the jury during the trial ; that neither defendant nor his counsel discovered the substitution until after the trial ; that the original and substituted jurors were both unknown to defendant and his counsel, but, from inquiry as to both, defendant is satisfied that C. J. Boyd would have been acceptable to him, while C. J. Bowen was not."   Upon the hearing of the motion for a new trial the State put in evidence the affidavit of C. J. Bowen, to the effect that counsel for the accused were acquainted with him and knew, at the time he was accepted as a juror, that he was C. J. Bowen. *Held*, that the judge of the court below was the trior of the fact in controversy, and this court will not interfere with his decision thereon.

9. So, where a ground of a motion for a new trial complained that a member of the jury which convicted the accused was related by consanguinity to the prosecutrix within the prohibited degree, which fact had been discovered by the accused since the trial, and upon the hearing of the motion affidavits were introduced to support this ground, and the State introduced affidavits to the effect that no such relationship existed, this court will not interfere with a finding by the trial judge, upon the issue of fact thus made, adverse to the contention of the accused.

10. The evidence was sufficient to authorize the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed.   All the Justices concur.*

Argued October 19, — Decided October 24, 1903.

Conviction of manslaughter.   Before Judge Parker.   Coffee superior court.   June 18, 1903.

*Quincey & McDonald*, for plaintiff in error.   *John W. Bennett, solicitor-general*, and *Lankford & Dickerson*, contra.