KING v. THE STATE.

1. This court will not control the discretion of the trial judge in overruling a ground of a motion for a new trial alleging that one of the jurors who tried the case was a resident of a county other than the one in which the trial was had, when the affidavits offered in support of the motion were contradicted by affidavits offered by the State, averring distinctly that the juror was, at the time of the trial, a resident of the county of the trial.

2. The evidence was amply sufficient to warrant the verdict.

Submitted January 18,—Decided February 12, 1904.

Indictment for pointing pistol at another. Before Judge Holden. Madison superior court. November 10, 1903.

*J. F. L. Bond*, for plaintiff in error.

*D. W. Meadow, solicitor-general,* contra.

COBB, J. King was tried and convicted, in Madison county, for the offense of pointing a pistol at another. The only special ground of his motion for a new trial set up that Pittman, one of the jurors, was a resident of Jackson county at the time of the trial. Several affidavits were offered in support of the averment made in this ground. The State offered, by way of counter-showing, two affidavits of the juror, in which he averred distinctly and unequivocally that he resided in Madison county at the time the trial was had. Under these circumstances this court will not interfere with the discretion of the trial judge in overruling this ground of the motion. The rule is similar to that followed by this court in cases where the verdict is sought to be set aside on account of the disqualification of a juror for any other reason. See *Jones* v. *State*, 117 *Ga.* 710 (4); *Perry* v. *State*, Id. 719 (2).

There was ample evidence to warrant the verdict, and the general grounds of the motion are therefore without merit.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*