BARROW *v.* THE STATE.

EVANS, J.    1. There was no error in overruling the motion to postpone the case, based on the recency of the return of the indictment and the physical condition of the defendant, where it appeared that the defendant was committed to jail for the same act three weeks before the term of the court at which the indictment was found, and that his ailment was caused by confinement in jail and was not at all serious.

2. The acts and sayings of one accomplice during the pendency of the common criminal enterprise are admissible against the other.    Though evidence is objectionable because conspiracy was not proved, if it be afterwards shown, it renders the evidence competent.    3 Gr. Ev. 92 ; 8 Cyc. 682.

3. Testimony tending to show illicit relations between the codefendant and the female, on proof of conspiracy to destroy the result of such relations, is admissible to show the motive of the crime.

4. The remark of tne solicitor-general in his argument, that "the defendant used the knowledge gained by his profession for the purpose of murder," was not an unfair comment on the evidence, and the court properly overruled the motion to declare a mistrial because of such remark. In his note the judge states that, upon objection, the other remarks of the solicitor-general complained of were withdrawn by him, and no motion for a mistrial was made at the time.

5. "It was not error to charge that the word 'child,' as used in the Penal Code, § 81, means an unborn child so far developed as to be quick,—so far developed as to move or stir in the mother's womb." *Sullivan* v. *State*, ante, 183.

6. Neither consent by the female to the abortion nor a purpose to conceal her shame by an operation will excuse the criminal act, and an instruction to this effect was not erroneous.

7. An intent to destroy an unborn child so far developed as to be ordinarily called "quick" may exist without absolute knowledge that such child is "quick." If defendant's purpose was to destroy the fœtus, and in so doing he killed a child which was "quick," the criminal intent would extend to the consequences of his act. *Powe* v. State (N. J.), 2 Atl. 662.

8. The distinction between the offenses described in Penal Code, §§ 81 and 82, sufficiently appeared from the charge, and the jury were properly instructed as to the several forms of verdict which might be rendered.

9. The evidence amply supported the verdict, and the discretion of the trial judge in overruling the motion for a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*

Argued October 18,—Decided November 10, 1904.

Indictment for assault with intent to murder. Before Judge Littlejohn. Sumter superior court. July 9, 1904.

*Blalock & Cobb, Williams & Harper,* and *A. R. Logan,* for plaintiff in error.

*F. A. Hooper, solicitor-general,* and *Shipp & Sheppard,* contra.