## SULLIVAN *v.* THE STATE.

| 121 | 183 |
| 121 | 188 |
| 121 | 183 |
| 124 | 770 |
| 121 | 183 |
| 126 | 560 |

1. For the purpose of showing motive, knowledge of the fact of pregnancy, and of the age of the fœtus, it was competent, in a prosecution for fœticide by use of instruments, to prove that the woman had told the defendant of her pregnancy, and that he had made prior unsuccessful attempts to commit the abortion by means of drugs or otherwise.
2. It was not error to charge that the word " child " as used in the Penal Code, § 81, means an unborn child so far developed as to be quick — so far developed as to move or stir in the mother's womb.
3. In the light of the judge's note as to what occurred at the time, there was no error in refusing to declare a mistrial on account of the exclamation• alleged to have been made in the presence of the jury.
4. The alleged disqualification of the juror because of previous statements made by him was met by a counter-showing, and the judge did not err in overruling this ground of the motion..
5. There was no error in the court's charge as to the distinction between the offense defined in the Penal Code, § 81, and that defined in § 82.    Nor is it a good assignment of error that the court failed to include therein a charge on the subject of intent, which was treated of in another portion of his instructions.
6. None of the grounds of the motion set forth any reason for the grant of a new trial.    Some were not certified by the presiding judge.    Others assign error in relation to rulings on evidence upon grounds not urged at the trial.    Others relate to the refusal to allow impeaching testimony as to matters which were wholly immaterial, and not the subject-matter of impeachment.    Others object to the introduction of sayings of conspirators before the conspiracy had been established, though its existence was immediately thereafter proved. The verdict, if not absolutely demanded, was overwhelmingly supported by the evidence.

Argued October 18,—Decided November 11, 1904.

Indictment for assault with intent to murder.    Before Judge Littlejohn.    Sumter superior court.    July 14, 1904.

Sullivan, Barrow, and Amanda Wilson were indicted under the Penal Code, § 81, in that by instruments and pressure they caused

the death of an unborn child with which the pregnant woman was then "quick." The defendants severed. On the trial of Sullivan it was shown that the criminal relation between him and the young woman began in May or June, 1903. From her testimony it appeared that she became pregnant the latter part of July or the first of August, 1903; that she notified the defendant as soon as she became aware of the fact; that he at once procured for her medicine intended to produce an abortion; that, this failing, he subsequently gave her other medicine which she likewise took; that, this having failed again, there was in December an unsuccessful attempt to produce a miscarriage; that on January 9, 1904, an operation was performed at the house of Amanda Wilson, Barrow and Sullivan being present and assisting; and that there was a delivery two or three days later. The young woman testified as to the sex, size, and development of the foetus. There was positive testimony on her part that the child was quick and had moved, and that she so informed the defendant before the operation. There was testimony from a physician and acquaintances that in July and in September she had exhibited signs indicative of pregnancy, though at the time they were referred to some other cause. Amanda Wilson testified as to the presence of the defendant at the time of the operation; and further stated that she had been sent by the defendant with a message to the young woman, making an appointment as to the time and place when the operation should be performed. There was testimony of physicians as to the character of the medicines, and as to the varying time in which a foetus became quick, stating that the average was about four and a half months, though there were instances in which it occurred at a shorter or longer period. The defendant in his statement admitted the criminal intercourse; was silent as to his participation in the abortion; and offered certain letters written by the young woman, the purpose of which was to show that the foetus could not have been quick on the 9th of January, 1904, inasmuch as there had been a show or flow in October, 1903. Another letter was offered by the defendant, shown by other testimony to have been written about November 12, 1903, in which the young woman indicated that there had been no show for three months, and complained of getting stout, and referred to the necessity of getting rid of the child. In

rebuttal the physicians testified that the medicines taken in doses of the size testified to by the young woman would not likely have produced an abortion, but could have produced the flow in a pregnant woman, the young woman herself stating that this had been the effect of the medicine, and that it was to such flow the latter referred. The defendant offered no evidence in reply to this rebuttal testimony. There was a verdict of guilty, and a motion for a new trial on many grounds. This having been refused, the defendant excepted.

*Blalock & Cobb, Williams & Harper, J. H. Lumpkin,* and *W. A. Dodson,* for plaintiff in error. *F. A. Hooper, solicitor-general, Shipp & Sheppard,* and *J. A. Hixon,* contra.

LAMAR, J. There are twenty-seven grounds in the motion for a new trial. The judge's notes to 6th, 9th, 11th, 16th, 17th, 19th, 21st, and 22d grounds show that no error was committed as therein alleged. Several of the grounds merely state that evidence was offered over the objection of the defendants, without showing when the objection was made; and in other instances it affirmatively appears that the objection is first stated in the motion. The 13th, 14th, 17th, and 18th grounds assign error on the refusal of the court to allow the defense to show that the members of the family of the young woman had acquired knowledge of her criminal relations with the defendant. But their knowledge or ignorance was wholly immaterial, and could in no way illustrate the issue on trial. In fact it was so immaterial as not to form the basis for impeachment by showing contradictory statements in relation thereto. The loss of the letter (6th ground) was properly proved as the foundation for the introduction of secondary evidence of its contents. As to the 15th ground, it was not error to permit evidence as to the facts and circumstances leading up to the criminal intimacy. It merely gave the history of the relations between the parties, was not a matter in dispute, and in substance was admitted by the defendant's statement. The evidence as to the use of morphine with suicidal intent (16th ground) was in reply to a line of investigation begun by the defendant. The assignment of error can not be considered, because it affirmatively appears from the note of the judge that the grounds of objection stated were not made during the trial. The motion itself recites that the "defendant

now contends," etc.   The objections to the evidence admitted, as set out in the 1st and 7th grounds, for the reason that there had been no proof of a conspiracy, are without merit.   It would of course have been better to have first proved the conspiracy; but immediately afterwards its existence was proved by the young woman and another witness.   Nor is there any merit in the 2d, 3d, 4th, 5th, 10th, and 11th grounds of the motion; for while the indictment charged that the crime was committed by the use of pressure and instruments, it was competent to show that the defendant had previously attempted to procure an abortion by similar means, and by the use of medicines.   It was therefore competent to offer the bottle with the number and contents of the prescription, and to establish from the physicians what the effect of this medicine in such doses would have been. There was a logical connection between the two attempts to procure an abortion on the same female.   Prior unsuccessful attempts to bring about the abortion may be shown.   *Cawthon* v. *State*, 119 *Ga.* 409.   This evidence was also admissible, in the light of the physician's testimony, for the purpose of showing that the flow testified to by the young woman as having taken place in October had been produced by the use of the medicine, without producing a miscarriage.   It was further competent as tending to show that the defendant knew that pregnancy had existed long enough for the foetus to be quick on January 9, 1904.   To show knowledge of the fact of pregnancy and that the child was quick, it was also proper to show, as set out in the 8th ground, that the young woman told the defendant she had felt the child move before the operation was performed.

In the 19th ground complaint is made of the refusal of the court to declare a mistrial, because of a demonstration on the part of the young woman in the presence of the jury. . According to a note of judge, it was not of such a character as even to attract the attention of the jury, and it was not error to refuse to declare a mistrial.

The charge referred to in the 21st ground was free from error. The judge was instructing the jury as to the distinction between the offenses defined in the Penal Code, §§ 81, 82, and calling attention to the different results growing out of the difference in the development of the foetus.   He was not dealing with the

subject of intent, which was treated in another part of his instructions to the jury. Besides, it has been repeatedly decided that a charge correct in itself can not be attacked because it fails to present some additional or further proposition.

The charge that "the word 'child' as used in the Penal Code, § 81, means an unborn child so far developed as to be ordinarily quick, so far developed as to move or stir in the mother's womb," was correct. Rex v. Phillips, 3 Campbell, [77].

In the 23d ground it is set forth that one of the jurors had expressed an opinion which disqualified him from serving on this trial. On this point affidavits and counter-affidavits were submitted. The issue of fact thus raised was peculiarly a matter for the consideration of the judge. His discretion will not be controlled unless abused, and here it was properly exercised.

Nor was the verdict contrary to law or to evidence. If not absolutely demanded, it was overwhelmingly supported. The only point of attack on the State's case related to the age of the foetus. The testimony for the State established positively that it was quick. The flow in November was shown to have been caused by drugs. The defendant himself offered in evidence a letter written to him in November, in which the young woman stated that she had been pregnant about three months and was growing stout. The operation was performed two months later. There was no error in refusing to grant the new trial.

*Judgment affirmed. All the Justices concur.*