## 5419. CENTRAL OF GEORGIA RAILWAY CO. v. CLARK.

1. The trial was free from error, and the amount of the verdict can not be held to be excessive, since the jury would have been warranted in finding that amount in compensation for the plaintiff's pain and suffering as disclosed by evidence credible to the jury. *Powell* v. *Augusta & Summerville R. Co.*, 77 *Ga.* 192 (3 S. E. 757).

2. The law provides, ordinarily, for but one trial for the adjudication of the rights of litigants, and a motion for another trial, upon the ground of newly discovered evidence, is for that reason necessarily extraordinary. Since it is to the interest of the commonwealth that there should be an end to litigation, motions for a new trial upon the ground of newly discovered evidence "are not favored by law, and should not be. They are tolerated where it is apparent that grave injustice would result unless the newly-discovered evidence is admitted on another trial; and only then when it is clear that ordinary diligence could not have discovered the evidence sought to be adduced, and that a different result, in view of the discovery, ought to obtain." *Morris Storage Co.* v. *Wilkes,* 1 *Ga. App.* 754 (58 S. E. 234).

DECIDED AUGUST 22, 1914.

Action for damages; from city court of Sandersville—Judge Jordan. November 11, 1913.

*Lawton & Cunningham, Saffold & Jordan, J. J. Harris,* for plaintiff in error.

*Claud Estes, O. C. Hancock, B. J. Fowler, A. R. Wright,* contra.

RUSSELL, C. J. The action was for $15,000 damages, on account of personal injuries. The verdict was for $8,750. The defendant introduced no testimony; and in the argument here it was stated that, since there was a collision of two of the defendant's trains, liability for slight injury to the plaintiff was admitted, but it was insisted that he suffered no serious or permanent injury. In addition to the general grounds of the motion for a new trial, the defendant asked that the verdict be set aside for the reason that material evidence was discovered after the trial, which would and should produce a different result upon another investigation of the case. This ground is strongly pressed upon our consideration, and it is insisted that the refusal to grant a new trial upon this ground was an abuse of discretion.

The evidence submitted by the plaintiff and his attending physician, as to the gravity and permanence of his injuries, fully supported the verdict, and the contention that the amount of the verdict is excessive can not be sustained, for, under the evidence, the jury would have been authorized to award that amount for pain and suffering alone. In addition to this there was evidence that the plaintiff's earning capacity had been seriously impaired. Certain general propositions in reference to motions for new trial based upon the ground of newly discovered testimony are code law and axiomatic. In the first place, motions for a new trial upon the ground

of newly discovered evidence "are not favored, and should not be" (*Morris Storage Co.* v. *Wilkes*, 1 *Ga. App.* 754, 58 S. E. 234) ; because diligence in the ascertainment of all the facts relative to the cause should be exercised in advance of the trial, and post-mortem diligence should not be encouraged. One fair and legal trial is all the law promises to any litigant; and, ordinarily, one trial, if no error of law is committed, suffices to test the rights of the parties. Instances sometimes occur in which the truth is concealed, in spite of the exercise of proper diligence, and in which, upon the discovery of material facts, it is apparent that injustice probably will result unless further investigation be had. In such a case, when it is probable that a different finding would be reached on another trial, a new trial should be granted upon the ground of newly discovered evidence, in order that justice may be done. And this is true; as has been frequently held, even though the newly discovered testimony may be, in a sense, cumulative, and may impeach testimony previously adduced. But since a motion for a new trial, based upon testimony alleged to be newly discovered and not obtainable by the exercise of ordinary diligence before the trial, is, in its very nature, extraordinary, our courts have frequently held that the merits of this ground are necessarily largely addressed to the discretion of the trial judge, and that this discretion will not be controlled unless it has been abused.

In the present case the newly discovered testimony is confined to the single point of attempting to show that the plaintiff's injuries were not as serious as stated by himself and his witnesses, but were in fact trivial and insignificant. In support of the motion one witness testified that he said to the plaintiff on meeting him in a barber-shop shortly after the collision, that he thought the plaintiff was hurt in the wreck, and the plaintiff replied that he had not received any injury to amount to anything. Another witness testified that he accompanied the plaintiff on a "Trip to Mars," an amusement device in which the participants were carried up a confusing revolving stair, and thrown down an inclined plane on a cushion, about twenty feet; it being a contention of the defendant that no person injured as the plaintiff claimed to have been injured could take this "Trip to Mars" without visible and audible expressions of pain. A third witness testified by affidavit that he was employed, after the trial, as a Pinkerton detective, and "shadowed"

the plaintiff for several days to various bagnios and questionable resorts, which the plaintiff visited with such frequency as to rebut the inference that he was not a healthy and vigorous man. There was a counter-showing as to the testimony of each of these witnesses; and, without recapitulating the contents of the counter-showing, it suffices to say that if the testimony in support of the counter-showing was credible, every statement made in support of the motion for a new trial was discredited. In this state of the record counsel for the plaintiff in error insists that a new trial should be granted, and that the conflict in the testimony, as developed upon the motion for a new trial, should be submitted to a jury. Counsel says: "What do we now find before the trial judge in the line of newly discovered evidence upon which a new trial is asked? We find evidence of new and independent facts, sufficient, if believed by a jury, to justify a different verdict; and (for the sake of argument) we find these facts contradicted by other witnesses, offered by Clark, by way of affidavit, on this hearing. The question is, who shall reconcile this conflict? Who shall declare which witness shall be believed in this conflict? Who shall say what the truth of this conflict of evidence is? Who shall find the facts in the case, under this conflict—the judge, or the jury?" Counsel then argue that if there should be a rule governing the discretion of the trial judge in passing upon motions of this kind, the rule should be that if the judge, after the admission of all the newly discovered evidence before a jury, would have the right to direct a verdict, he would not abuse his discretion in refusing a new trial; but that if he would not have the right to direct a verdict on that evidence, the refusal of a new trial would constitute an abuse of his discretion.

We do not know that this proposition has ever been presented in the exact form in which it is here raised, but we can not concur in the view entertained by counsel for the plaintiff in error. The motion for a new trial upon the ground of newly discovered testimony must be addressed to the sound legal discretion of the court, and the court alone must be the trior of the weight and credibility of the testimony. The movant has had one fair trial, and the judge, in exercising his discretion, must take into consideration the maxim that is to the interest of the commonwealth that at the proper time there shall be an end of litigation. It has uniformly

been held that the judge is the trior to pass upon the credibility of witnesses when the compentency of a juror is attacked on the ground of bias or prejudice; and while these rulings do not bear directly upon the point now before us, several of the decisions contain intimations that the judge is the trior as well in other matters, where the credibility of the witnesses introduced upon the hearing is a matter at issue. That the finding of the trial judge on conflicting affidavits as to alleged misconduct of the jury while considering their verdict will, in the absence of abuse of discretion, be upheld by the Supreme Court has been repeatedly ruled. See *Buchanan* v. *State,* 118 *Ga.* 751 (45 S. E. 607), *King* v. *State,* 119 *Ga.* 426 (46 S. E. 633), *Sullivan* v. *State,* 121 *Ga.* 183-7 (48 S. E. 949), *Desverges* v. *Goette,* 121 *Ga.* 65 (48 S. E. 693), and *Tolbert* v. *State,* 124 *Ga.* 767 (1) (53 S. E. 327). In *Grant* v. *State,* 100 *Ga.* 67 (25 S. E. 939), the court held: "The 'extraordinary' motion for a new trial, based upon alleged newly discovered evidence, when considered in connection with the counter-showing by the State, affords no legal cause for setting aside the original judgment." No further opinion was delivered in that case, but an examination of the record discloses that the discretion of the trial judge, as to the effect of the alleged newly discovered evidence, was necessarily controlled by a determination as to the credibility of the witnesses, whose testimony was in conflict. In *Gainesville R. Co.* v. *Austin,* 127 *Ga.* 125 (56 S. E. 256), it was said: "The defendant, after the trial, sought to show, by way of newly discovered evidence, that the plaintiff had been carrying on his usual occupation of architect and contractor, and was not, as he had claimed, totally disabled from doing so. The counter-showing made by the plaintiff fully met and overcame the testimony relied on by the defendant; and the presiding judge did not abuse his discretion in declining to grant a new trial." The ruling stated in the 5th headnote of that case was that "in view of the counter-showing made by the plaintiff, the defendant was not entitled to a new trial on the ground of newly discovered evidence." Following this ruling, as well as those in *Wallace* v. *Tumlin,* 42 *Ga.* 462, *Atlantic Coast Line R. Co.* v. *Boston,* 83 *Ga.* 387 (9 S. E. 1108), and *Atlanta Consolidated Street R. Co.* v. *McIntire,* 103 *Ga.* 568 (29 S. E. 766), this court held in *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116), that "Where a ground of a motion for a new trial based on newly dis-

covered evidence is filed, and a counter-showing is made, so that a conflict arises as to the material facts upon which the ground is based, a reviewing court will not, except in a case of manifest abuse of discretion, reverse the finding of the trial judge." And in the opinion we said: "Upon the hearing of a motion for new trial, and in the consideration of a ground of the motion dependent upon newly discovered evidence, where affidavits are introduced supporting and disputing the ground of the motion, the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses. A reviewing court will not in any such case control his discretion as to the comparative credibility of the witnesses who testified in support of the motion and those who swore to the contrary." We did not go fully into the reason for our ruling in the *Fouraker* case, but reflection will suggest the reason for the ruling therein announced, as well as its propriety, when it is borne in mind that the probability of a different result must be considered in adjudicating the merits of the motion. If the alleged newly discovered testimony be from witnesses plainly unworthy of belief, there would be in legal contemplation no probability that another trial would result differently from the first, and the probability of a different result would diminish in the same proportion as the credibility of the witnesses in support of the ground would depreciate. In any case in which there is conflict as to the actual existence of new and independent facts, alleged to have been discovered since the trial, there would necessarily be some doubt as to whether the alleged newly discovered testimony is true or false, and in any case where such doubt exists, the question as to whether there would likely be a different result upon another trial, when the alleged newly discovered testimony perhaps would not be believed, and for that reason probably would add nothing to what was submitted on the former investigation, is addressed primarily to the discretion of the trial judge. It is properly so addressed, because he is in closer touch with the case than a reviewing court can be. And for this reason the question at last addressed to the court of last resort (as to the court reviewing the case upon a motion for a new trial) is the probability of reaching, upon a second investigation, a result which should have been reached upon the first trial, and which it can reasonably be said would have been reached upon the first if

all the facts adduced upon the hearing of the motion had been before the jury. In determining the probability of a different result upon a second investigation, as well as whether the ends of justice require a different result, the trial judge must necessarily, in the first instance, be the trior of the credibility of the witnesses.

The question as to whether the judge could legally have directed a verdict, if the evidence submitted upon the motion for a new trial as newly discovered had been introduced on a trial, is foreign to the inquiry, because the complaining party has had one trial. He was entitled to this as a matter of right, while the grant of a second trial, where the motion for a new trial is not based upon any error in the first by which the movant was deprived of a right, but is for relief from fortuitous adverse circumstances, is a matter of discretion, if not indeed a matter of grace. In the trial the complaining party is entitled by law to have every issue of fact submitted to the jury, and the judge is not permitted to interfere in even the slightest degree in the ascertainment of the truth; but in determining whether another trial shall be accorded to the litigant, who has already had his constitutional right, the court is charged with the rights of both parties alike, and should not set aside the finding already reached, and in which the prevailing party has a vested right, unless a different result is not only probable but proper.

*Judgment affirmed. Roan, J., absent.*