### 5781.  Savannah Electric Company *v.* Groover.

Russell, C. J.  1. The charge of the court is not subject to the criticism that it authorized the plaintiff to recover upon every allegation of negligence contained in the petition.

2. There was evidence authorizing the inference that the injury to the plaintiff's property was inflicted under circumstances evidencing an utter reckless disregard for the rights of others; and consequently a verdict for exemplary or punitive damages was authorized.  In view of this evidence the instructions of the court upon punitive damages were appropriate.

3. In view of the testimony indicative of a reckless disregard of the rights of others on the part of the defendant's servants, which at least authorized the jury to find punitive damages in order to prevent a repetition of a similar casualty, and in view of the fact that the evidence fully authorized a recovery of the amount claimed as actual damages, the verdict as returned by the jury (which included exemplary damages) can not be said to be excessive.

4. The instruction of the court upon the measure of damages, to the effect that the plaintiff was entitled to recover the market value of the articles damaged, was so fully qualified by the repeated instruction that damages recovered by the plaintiff should be compensatory ("what will pay

the plaintiff for the damage done to his property") as to afford the defendant no cause for complaint.

5. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED JULY 31, 1915.

Action for damages; from city court of Savannah—Judge Davis Freeman. April 25, 1914.

*Osborne & Lawrence,* for plaintiff in error.

*Anderson, Cann & Cann, T. F. Walsh Jr.,* contra.

