## SUMMERLIN *v.* THE STATE.   WATERS *v.* THE STATE.

1.  The facts alleged in the second count in the special presentment, as contained in the question propounded by the Court of Appeals, constitute the offense of involuntary manslaughter in the commission of an unlawful act.

2.  The verdict, which reads as follows:  "We, the jury, find the defendant . . . guilty of involuntary manslaughter in the commission of an unlawful act as under the 2d count," is on its face legal and valid.

3.  We are requested to review and overrule the decisions in *Taylor* v. *State*, 105 *Ga.* 846 (33 S. E. 190), *Sullivan* v. *State*, 121 *Ga.* 183 (2), 187 (48 S. E. 949), and *Barrow* v. *State*, 121 *Ga.* 187 (5), 188 (48 S. E. 950). Each of them was assented to by the entire bench of six Justices; they are in accord with the weight of authority; and therefore the request is denied.

No. 1647.   MAY 12, 1920.   REHEARING DENIED JUNE 19, 1920.

The Court of Appeals certified the following questions in Cases Nos. 1632, 1637, requesting instruction from the Supreme Court: "The special presentment contained three counts.  The first count charged murder.  The second count (the formal parts omitted) charged the defendants 'with the offense of involuntary manslaughter in the commission of an unlawful act; for that the said W. G. Waters and M. T. Summerlin, in the county and State aforesaid, on the 20th day of February in the year of our Lord nineteen hundred and nineteen, with force and arms, and without any intention to do so, but in the commission of an unlawful act, did unlawfully, feloniously, and wilfully kill Viola Parr, the said Viola Parr being at the time a pregnant woman, by then and there using and employing an instrument and instruments to the grand jurors unknown, which said instrument and instruments were by the said W. G. Waters and M. T. Summerlin used and employed for the purpose and with the intent thereby to produce the miscarriage and abortion of the said Viola Parr,

and by the use and employment of said instrument and instruments on the person of the said Viola Parr did thereby cause and produce the miscarriage and abortion of said Viola Parr and did thereby kill the said Viola Parr, the use and employment of said instrument and instruments not being then and there necessary to preserve the life of the said Viola Parr, and not having been advised by two physicians to be necessary for that purpose; said W. G. Waters and M. T. Summerlin, in the manner and form aforesaid, the said Viola Parr did unlawfully, feloniously and wilfully kill, contrary to the laws of said State, the good order, peace, and dignity thereof.' The 3d count (the formal parts omitted) charged the defendants 'with the offense of assault with intent to murder; for that the said W. G. Waters and M. T. Summerlin, in the county and State aforesaid, on the 20th day of February in the year of our Lord nineteen hundred and nineteen, did then and there, with force and arms and with a certain instrument and instruments to the grand jurors unknown, unlawfully and with malice aforethought in and upon Viola Parr, a woman pregnant with a child, and with the intent thereby to destroy such child and by the use of such instrument and instruments in and on the person of Viola Parr the death of the said Viola Parr, the mother, was thereby produced, the use and employment of said instrument and instruments not being then and there necessary to preserve the life of such mother and not having been then and there advised by two physicians to be necessary for said purpose; and the grand jurors aforesaid, upon their oaths aforesaid, do say that the said W. G. Waters and M. T. Summerlin, in the manner and form aforesaid, unlawfully, feloniously, and with malice aforethought did commit the crime of assault with intent to murder, contrary to the laws of said State, the good order, peace, and dignity thereof.' The jury returned the following verdict: '1. We, the jury, find the defendant, . . not guilty of the offense of murder, as under the 1st count. 2. We, the jury, find the defendant, . . guilty of involuntary manslaughter in the commission of an unlawful act, as under the 2d count. 3. We, the jury, find the defendant, . . not guilty of assault with intent to murder, as under the third count.' Did the facts alleged in the second count of the presentment legally constitute the offense of involuntary manslaugh-

ter in the commission of an unlawful act; and was the verdict, upon the face of presentment, a legal and valid one?"

*W. M. Howard, Green & Michael, W. M. Smith, J. B. Gamble, Thomas & Thomas, H. S. West, T. J. Shackleford,* and *Shackleford & Meadow,* for plaintiffs in error.

*W. O. Dean, solicitor-general, S. C. Upson,* and *T. W. Rucker,* contra.

GILBERT, J. It is contended by plaintiffs in error that the facts alleged in the second count of the special presentment do not legally constitute the offense of involuntary manslaughter, because the General Assembly provided by the act of 1876 (Acts 1876, p. 113) special punishment for all offenses growing out of criminal abortions and attempts to perform criminal abortions. The correctness of this contention depends upon whether either of the three sections of the act of 1876 applies to the facts alleged in the second count of the special presentment. If that inquiry can be answered in the affirmative, it necessarily follows that the crime of involuntary manslaughter can have no application. If, on the other hand, the facts alleged in the count aforesaid are not covered by the act of 1876, then the law of involuntary manslaughter will apply. The three sections of the act of 1876 now constitute sections 80, 81, and 82 of the Penal Code. Manifestly section 80 has no application, because this section applies to the killing of the unborn child, and not to the killing of the mother. Section 82 has no application, because it does not purport to punish in any instances where death ensues. It remains only, therefore, to determine whether or not section 81 of the Penal Code applies to the facts alleged in said second count of the special presentment. It must be borne in mind that the second count of the special presentment alleges that the killing of the mother was unlawfully done "without any intention to do so;" that the mother was at the time "a pregnant woman;" that the accused employed an instrument or instruments to the grand jurors unknown, for the purpose and with the intent to produce the miscarriage of the pregnant female, the same not being necessary to preserve the life of said female, and not having been advised by two physicians to be necessary for that purpose. By the use of the words "pregnant woman" in the presentment. it was meant to allege that the foetus had not quickened. 1 R. C. L. 76, § 10. Section

81 of the Penal Code, by its own language, applies where a woman is "pregnant with a child." Under the decisions of this court the expression "pregnant with a child," as used in the Penal Code, § 81, means an "unborn child so far developed as to be quick— so far developed as to move or stir in the mother's womb." *Taylor* v. *State,* 105 *Ga.* 846; *Sullivan* v. *State,* 121 *Ga.* 183 (2); *Barrow* v. *State,* 121 *Ga.* 187 (5); 1 R. C. L. 76, § 11. As construed by this court in the three cases just cited, section 81 of the Penal Code applies to a different state of facts from that alleged in the second count of the special presentment, because the presentment charges the accused with the killing of a woman pregnant with an unborn child which had not reached the quickened stage. It follows from what has been said that the provisions of the act of the General Assembly of 1876 do not apply to the facts alleged in the second count of the special presentment. Since the act of 1876 does not apply, it necessarily follows that the law of homicide found in the Penal Code does apply. The laws of Georgia are sufficiently comprehensive to punish every case of unlawful homicide, and were at the time of the enactment of the act of 1876. This act removed from the operation of the then existing penal laws of the State only such offenses as were clearly included within its own provisions. The operation of the act will not be extended by implication or doubtful construction, so as to include within its operation other offenses fully covered by the then existing general law. It is unnecessary to discuss the common law on the subject of criminal abortion. This is a prosecution for the killing of a human being, not the unborn, unquickened fœtus. The unlawful killing of a human being has always been murder or manslaughter in this State. The special presentment charges the accused with an unlawful killing, which constitutes either murder or manslaughter, depending upon the special facts alleged in connection therewith. Malice aforethought is not alleged, nor are the distinctive features of voluntary manslaughter alleged. All of the elements, however, of involuntary manslaughter in the commission of an unlawful act are alleged with accuracy. The special presentment in the second count is on its face legal and valid. 1 R. C. L. 78, § 15. See Worthington v. State, 92 Md. 222 (48 Atl. 355, 56 L. R. A. 353, notes, 84 Am. St. R. 506); State v. Power, 24 Wash. 34 (63 Pac. 1112, 63 L.

R. A. 902, notes). We are aware that the construction placed upon the act of 1876 results in the possible infliction of inconsistent degrees of punishment in the two classes of cases where the fœtus is quickened and where it is otherwise; but this is a matter for the General Assembly.

*All the Justices concur.*