## 10632.  SUMMERLIN v. THE STATE.

1. The motion to dismiss the writ of error is denied. See *Waters* v. *State* ante, 564 (1).
2. The facts alleged in the second count in the special presentment constitute the offense of involuntary manslaughter in the commission of an unlawful act.
3. The verdict, which reads as follows: "We, the jury, find the defendant . . guilty of involuntary manslaughter in the commission of an unlawful act as under the 2d count," is on its face legal and valid.

DECIDED JULY 29, 1920.

Conviction of involuntary manslaughter; from Clarke superior court — Judge Cobb.  May 22, 1919.

Involuntary manslaughter in the commission of an unlawful act, by the unintentional killing of a pregnant woman by the unlawful use of instruments with the intent to produce a miscarriage and abortion, is alleged in the second count of the indictment.  The language of this count is set out in the decision.  By motion to arrest the judgment it was contended that the conviction under this count was illegal because the facts alleged do not constitute the crime of involuntary manslaughter in the commission of an unlawful act, but, if they constitute any crime, it is the crime defined in section 81 of the Penal Code, which provides that "Any person who shall administer to any woman, pregnant with a child, any medicine, drug, or substance whatever, or shall use or employ any instrument or other means, with intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother, or shall have been advised by two physicians to be necessary for such purpose, shall, in case the death of child or mother be thereby produced, be guilty of an assault with intent to murder."

*William M. Howard, Green & Michael, Wolver M. Smith, John B. Gamble,* for plaintiff in error.

*W. O. Dean, solicitor-general, S. C. Upson, T. W. Rucker,* contra.

BLOODWORTH, J.  The accused was indicted with another, the indictment containing three counts; first, murder, second, involuntary manslaughter in the commission of an unlawful act; third, assault with intent to murder.  Upon his separate trial the following verdict was rendered:  "We, the jury, find the defendant M.

T. Summerlin guilty of the offense of involuntary manslaughter in the commission of an unlawful act as under the 2d count." Upon this verdict a judgment was rendered, and a motion was made to set it aside "because said verdict and judgment was illegal and invalid, for the reason that the facts alleged in said second count of said presentment as constituting the crime of involuntary manslaughter in the commission of an unlawful act do not and can not in law constitute said crime, but if said alleged facts constitute any crime at all, it is the crime punished as assault with intent to murder and defined by section 81 of the Penal Code of Georgia." This motion was overruled and a bill of exceptions to this ruling was taken to this court; whereupon this court certified to the Supreme Court the following questions and requested instruction in reference thereto: "The special presentment contained three counts. The first count charged murder. The second count (the formal parts omitted) charged the defendants 'with the offense of involuntary manslaughter in the commission of an unlawful act; for that the said W. G. Waters and M. T. Summerlin, in the county and State aforesaid, on the 20th day of February in the year of our Lord nineteen hundred and nineteen, with force and arms, and without any intention to do so, but in the commission of an unlawful act, did unlawfully, feloniously, and wilfully kill Viola Parr, the said Viola Parr being at the time a pregnant woman, by then and there using and employing an instrument and instruments to the grand jurors unknown, which said instrument and instruments were by the said W. G. Waters and M. T. Summerlin used and employed for the purpose and with the intent thereby to produce the miscarriage and abortion of the said Viola Parr, and by the use and employment of said instrument and instruments on the person of the said Viola Parr did thereby cause and produce the miscarriage and abortion of said Viola Parr and did thereby kill the said Viola Parr, the use and employment of said instrument and instruments not being then and there necessary to preserve the life of said Viola Parr, and not having been advised by two physicians to be necessary for that purpose; said W. G. Waters and M. T. Summerlin, in the manner and form aforesaid, the said Viola Parr did unlawfully, feloniously, and wilfully kill, contrary to the laws of said State, the good order, peace and dignity thereof.' The

third count (the formal parts omitted) charged the defendants 'with the offense of assault with intent to murder; for that the said W. G. Waters and M. T. Summerlin, in the county and State aforesaid, on the 20th day of February in the year of our Lord nineteen hundred and nineteen, did then and there, with force and arms and with a certain instrument and instruments to the grand jurors unknown, unlawfully and with malice aforethought in and upon Viola Parr, a woman pregnant with a child, and with the intent thereby to destroy such child and by the use of such instrument and instruments in and on the person of Viola Parr the death of the said Viola Parr, the mother, was thereby produced, the use and employment of said instrument and instruments not being then and there necessary to preserve the life of such mother and not having been then and there advised by two physicians to be necessary for said purpose; and the grand jurors aforesaid, upon their oaths aforesaid, do say that the said W. G. Waters and M. T. Summerlin, in the manner and form aforesaid, unlawfully, feloniously, and with malice aforethought did commit the crime of assault with intent to murder, contrary to the laws of said State, the good order, peace, and dignity thereof.' The jury returned the following verdict: '1. We, the jury, find the defendant . . . not guilty of the offense of murder, as under the first count. 2. We, the jury, find the defendant . . . guilty of involuntary manslaughter in the commission of an unlawful act, as under the second count. 3. We, the jury, find the defendant . . . not guilty of assault with intent to murder, as under the third count.' Did the facts alleged in the second count of the presentment legally constitute the offense of involuntary manslaughter in the commission of an unlawful act; and was the verdict, upon the face of the presentment, a legal and valid one?"

The headnotes to the opinion rendered by the Supreme Court appear above (headnotes 2 and 3), and need no elaboration. The full opinion will be found in 150 *Ga.* 173 (103 S. E. 46). Under the rulings of the Supreme Court the trial judge did not err in overruling the motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*