*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

---

## 14062.   HUNTER *v.* THE STATE.

In the phrase " pregnant with child," as used in section 81 of the Penal Code (1910), the word " child " means an " unborn child so far developed as to be quick,   .   .   so far developed as to move or stir in the mother's womb."   This condition was not shown by testimony of a physician that to the best of his opinion, based on a post-mortem examination of the woman alleged to have been " pregnant with child," and whose death was alleged to have been caused by treatment administered by the accused, she " was pregnant,   .   .   the foetus was   .   .   about four months of pregnancy."   There being no other evidence as to the alleged " child," the necessary allegation of the indictment that the woman was " pregnant with child " was not supported by proof, and the verdict of guilty was unauthorized.
                    DECIDED JANUARY 10, 1923.

Indictment for assault with intent to murder; from Coweta superior court — Judge Roop.   October 23, 1922.

*W. G. Post,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* contra.

BLOODWORTH, J.   The indictment in this case is based on section 81 of the Penal Code of 1910, and charges that the plaintiff in error did unlawfully and feloniously " administer to Lilla Burton, alias Lilla Burden, a woman pregnant with child, certain medicine and substance to the grand jurors unknown, and did use and employ certain instruments and other means to the grand jurors unknown, and by means and manner unknown to said grand jurors, with intent thereby to destroy such child, and which was not necessary to preserve the life of such mother, nor was it advised by two physicians to be necessary for such purpose, whereby and because of said above-described acts of said Abbie Hunter and Laura Crandell, the death of said child and mother were thereby produced."   The word " child," in the phrase " pregnant with child," as used in section 81, supra, according to the construction placed upon it by the Supreme Court, means an " unborn child so far developed as to be quick,   .   .   so far developed as to move or stir in the mother's womb."   *Summerlin* v. *State,* 150 *Ga.* 176 (103 S. E. 461), and cases cited.   Under this definition, before the accused could be legally convicted on the indictment in this case, the burden was upon the State to show beyond a reasonable doubt that the girl whose death was alleged to have been caused by the accused was " pregnant with child," and that this unborn child was " so far developed as to be quick — so far developed as to move or stir in the mother's womb."   The only evidence in regard to this is that of the physician who made a post-mortem examination, and who swore: the deceased " was pregnant to the best of my opinion, based on that examination, the fœtus was, I would say, about four months of pregnancy."   This falls far short of proof that the unborn child was " quick — was so far developed as to move or stir in the mother's womb."   As the proof fails to support this necessary and vital allegation in the indictment, the verdict of guilty was erroneous, and the judgment must be

*Reversed.   Broyles, C. J., and Luke, J., concur.*