## 17271.  GRAVITT v. THE STATE.

BLOODWORTH, J.  1. Under the qualifying note of the trial judge to the first special ground of the motion for a new trial, this ground is without merit.  Indeed, it is but an amplification of the general grounds.

2. The 2d ground of the amendment to the motion complains of the misconduct of two unnamed jurors during the trial of the case.  There was a counter-showing by the State.  This ground is disposed of by the following rulings.

(a) "The findings of the trial judge on conflicting affidavits as to alleged misconduct of the jury while considering as to their verdict will, in the absence of abuse of discretion, be upheld by the Supreme Court.  *Buchanan* v. *State*, 118 *Ga.* 751 [45 S. E. 607]; *King* v. *State*, 119 *Ga.* 426 [46 S. E. 633]; *Sullivan* v. *State*, 121 *Ga.* 183, 187 [48 S. E. 949]; *Desverges* v. *Goette*, 121 *Ga.* 65 [48 S. E. 693]." *Tolbirt* v. *State*, 124 *Ga.* 770 (53 S. E. 328).

(b) "In order for the misconduct of a juror during the trial of a criminal case in which he is engaged to be cause for a new trial, it must affirmatively appear that the accused and his counsel did not know of the misconduct until after the verdict." *Josey* v. *State*, 148 *Ga.* 468 (96 S. E. 1041).

(c) "If counsel know of misconduct on the part of the jury during the trial, such as conversing with others than members of their body, they should bring the same to the attention of the court, or it will be held to have been waived.  They can not take the chances of acquittal, and upon failure make such conduct a ground for new trial." *Lyman* v. *State*, 69 *Ga.* 404.

3. "The refusal of the court to direct a verdict in a criminal case can not be made the subject-matter of an assignment of error in the reviewing court." *Nalley* v. *State*, 11 *Ga. App.* 15 (7) (74 S. E. 567).

4. The jury thought that the evidence authorized a verdict of guilty, and so found; the judge who tried the case approved the verdict; and as no error of law was committed on the trial, and there being some evidence authorizing the verdict, this court can not interfere.

> *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 12, 1926.  REHEARING DENIED JUNE 15, 1926.

Larceny of automobile; from Fulton superior court—Judge Howard.  February 26, 1926.

Application for certiorari was made to the Supreme Court.

*Joe Hill Smith,* for plaintiff in error.

*John A. Boykin, solicitor-general, John H. Hudson, J. W. LeCraw,* contra.

---

Criminal Law, 16 C. J. p. 1096, n. 49; p. 1162, n. 37; p. 1228, n. 43; 17 C. J. p. 250, n. 14; p. 271, n. 41; p. 339, n. 60 New.