## 26362. SPOONER *v.* THE STATE.

DECIDED OCTOBER 30, 1937.

*C. B. Hayes, P. D. Rich,* for plaintiff in error.

*R. A. Patterson,* solicitor-general, *Hooper & Hooper,* contra.

GUERRY, J. It appears that the jury selected and sworn in the present case in the trial court were, at the beginning of their deliberations, placed in charge of two bailiffs, J. A. Vinson and J. B. Arnett. Arnett had been a witness for the State. The defendant was found guilty, and on the motion for new trial it was contended that certain conduct of Arnett and certain illegal communications with the jury were such as to vitiate the verdict and require a new trial. After careful consideration, we are of the opinion that the judge committed error in denying this motion. At the hearing of the motion the defendant submitted the affidavit of the bailiff Vinson, in which he deposed that the bailiff Arnett slept in the room with some of the jurors and in the bed with one of them; that during the night he heard the jurors and Arnett laugh and talk about the manner of testifying of one of defendant's witnesses, one Justice; that at various times while the jury was walking around the streets he heard Arnett "talk and discuss the case with" them; and that the jury were allowed to dis-

perse and separate in near-by woods for the purpose of answering a call of nature. He also deposed that while the jurors were out and before they rendered a verdict, and while they were eating breakfast, Mrs. Frank Houston, one of the ladies who was helping serve breakfast to said jurors, asked the jury in a disgusted tone, "Haven't you all made a verdict in the case yet?" to which one of the jurors replied that they had not. Thereupon she immediately said "I don't see why you all haven't found him guilty a long time ago." She was requested to refrain from making such remarks, but she continued to talk about the case until reprimanded the third time and informed that if she did not cease she would be reported to the judge. The defendant also submitted the affidavit of the bailiff Arnett. He deposed that he slept in the bed with T. M. Hutto, and in the room with J. H. Alston, George L. Chambers, and L. T. Culbreath; that he did not "express an opinion to the jurors, and that jurors did not express any opinion in regard to said case; however, said jurors did laugh and talk in his presence as to the manner of testifying of the witness Barney Justice." The defendant also produced the affidavits of J. H. Alston, George L. Chambers, and T. M. Hutto, who were all jurors. It is so well settled that a juror will not be heard to impeach his verdict that we will only consider that part of their affidavits which in some degree tend to sustain the verdict, which is substantially that they did not hear the bailiff Arnett express any opinion as to the guilt or innocence of the accused. Other affidavits were submitted to show the prejudice of Arnett against the accused, and also of the sheriff who appointed Arnett.

It is quite true that the finding of the trial judge on *conflicting affidavits* as to the misconduct of the bailiff who had the jury in charge during their deliberations, or as to the misconduct of a third party in the presence of the jury, will, in the absence of an abuse of discretion, be upheld by this court. *Buchanan* v. *State,* 118 *Ga.* 751 (45 S. E. 607); *King* v. *State,* 119 *Ga.* 426 (46 S. E. 633); *Sullivan* v. *State,* 121 *Ga.* 183, 187 (48 S. E. 949). However, in the present case there is no conflicting evidence to the fact that the bailiff Arnett slept in the bed with one of the jurors, or that the jury were allowed to separate in some woods to answer a call of nature, or that Mrs. Houston was guilty of the conduct ascribed to her by the bailiff Vinson. In so far as the record be-

fore this court discloses, the State introduced no evidence whatsoever on the hearing of the motion for new trial. "It is the paramount duty of courts to insure fair and impartial trials, and the conduct of jurors during the consideration of a case should be free from all suspicion of extraneous or improper influence." *Roberson* v. *State,* 15 *Ga. App.* 545 (83 S. E. 877). In *Jones* v. *State,* 68 *Ga.* 760, it was ruled: "Intimate association by a sheriff with the jury while they are charged with a cause, such as occupying the same bed, is reprehensible, and would be sufficient ground for setting aside a verdict, *if it be not satisfactorily shown that no improper influence was exerted by such officer, and no injury resulted to the defendant therefrom."* (Italics ours.) We have already pointed out that there was no evidence before the trial judge to dispute the fact that Arnett slept in the same bed with the juror Hutto. Therefore the burden was upon the State to show that no harm resulted from such irregularity. *Jones* v. *State,* supra; *Obear* v. *Gray,* 68 *Ga.* 182. In the present case the purgation is not complete. It is true that Arnett stated that he did not, nor did any of the jurors, express any opinion as to the guilt or innocence of the accused in each other's presence, and that the affidavits of the several jurors substantiate this fact. However, there was no showing that the bailiff Arnett did not talk and discuss the case, or laugh at and talk of the manner of testifying of the witness Justice, as shown by the affidavit of Vinson. That he could have done so—that he could, in such intimate association with the jury, have exerted an illegal influence upon them without having expressed an opinion as to the guilt or innocence of the accused, can not be doubted. The State did not carry the burden in this instance. However, in the present case we do not have to consider this conduct, standing alone, as being cause for a new trial. We have the further undisputed and reprehensible fact that a third person stated to the jury while they were deliberating that they should have found the defendant guilty a long time ago. "It is an inflexible rule of law, that after a jury shall have been charged with a cause, having had the law and the evidence placed before them, by or under the supervision and direction of the court, all communication between them and the rest of mankind shall be suspended, except by permission of the court, until they shall have been discharged from the case. It is of the

last importance that this rule be rigidly enforced, to the end that the administration of justice may be both pure and free from the suspicion of impurity. The ascertainment that some unauthorized communication has been had with the jury, the nature and purport of which was unknown, ought to vitiate a verdict. How much more a known communication, calculated to intimidate jurors, to unsettle resolution, based upon fixed and well-considered opinion — to produce a conflict between a sense of duty and personal comfort, convenience, or interest." *Gholston* v. *Gholston,* 31 *Ga.* 625. It is also shown that this person continued to discuss the case in the presence of the jury, and ceased only after being requested to do so by the bailiff for the third time. We are not apprised as to what the nature of her conversation was thereafter, nor do we know just how much influence her conduct exerted upon the minds of the jury; and not being so informed, we are more inclined to grant a new trial to the defendant. When we come to consider as a whole all of the irregularities which surrounded the jury in their deliberation upon the guilt or innocence of the defendant, and the lack of a satisfactory showing by the State that no harm could have resulted to the defendant, we have no hesitancy in granting to the defendant a new trial.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*