## 32854. MEADOWS *v.* VAUGHAN.

Decided February 9, 1950. Rehearing denied February 24, 1950.

*Howard, Tiller & Howard,* for plaintiff in error.

*George T. Manley, Frank A. Bowers,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The general grounds of the motion for a new trial will be considered in connection with ground 1 of the amended motion, which complains that the court charged on the question of punitive damages. It is contended that the charge was unauthorized because there was no evidence offered which would sustain a verdict therefor. It is to be observed that the cause of action is nowhere based on negligent misconduct, but is based entirely upon wilful and wanton misconduct. The court elsewhere in the charge correctly instructed the jury as follows: "Now, if you reach the conclusion that the defendant did not wilfully, intentionally and maliciously inflict an injury on the plaintiff, then that would be an end of your deliberations, and you should stop and return a verdict for the defendant, because there could be no recovery in this case by this plaintiff unless you determine that the defendant wilfully, intentionally and maliciously inflicted an injury upon him." Code § 105-2002 provides as follows: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-

doer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." The plaintiff having based his action solely upon wilful, malicious and intentional misconduct, the charge as to punitive damages was therefore authorized unless there was no evidence on the trial of the case as to such misconduct, in which case a verdict for the plaintiff would be unauthorized. Misconduct justifying the imposition of exemplary damages is defined in *Chattanooga Railroad Co.* v. *Liddell*, 85 *Ga.* 482, as "wilful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences . . 'an intention to set at defiance the legal rights of others, or the ordinary obligations of society.'" As between mere negligence and a wilful tort, it was for the jury to find under the facts of the case what motive or state of mind on the part of the defendant resulted in the plaintiff's injuries, and in determining this they had a right to consider the entire transaction. After doing so, they were authorized to conclude from the evidence that the defendant entered the plaintiff's yard without permission, removed the plaintiff's property and drove away with it and that, even if she did so under a mistaken belief that the dog was hers, she removed it by force, without making any attempt to justify her position by offering proof that it belonged to her, and that she refused to listen to the plaintiff's offer to prove that it was the property of his wife. Further, by her own testimony, she started the truck rapidly and drove off at a moment when the plaintiff's hand and arm were actually inside the truck. "All I saw was his hand reaching for me and I left. . . When that hand reached in there the dog was in John Freeman's lap. He was not reaching for the dog. His arm was much farther than the dog was." The defendant's male companion was seated between her and the plaintiff, and the jury was authorized to find that she had no reason to apprehend any violence; also, that her act in starting the car and driving away at top speed under all these circumstances was sufficient to raise a presumption of conscious indifference to consequences and wanton disregard of the plaintiff's safety.

The general grounds and ground 1 of the amended motion for a new trial are therefore without merit.

■ Ground 2 contends that the verdict of $1800 returned by the jury was so excessive as to indicate bias and prejudice. The amount sued for was $2500 in actual damages and $7500 in punitive damages. Although the plaintiff did not prove the amount of his expenses for loss of work and medical treatment, he did prove that such were sustained. His evidence also disclosed that he suffered temporary partial disability and extended physical pain and suffering. The time he lost from his work and the medical treatment are circumstances throwing light on the extent of his physical pain and suffering. Taking into consideration the amount the jury was authorized to find for pain and suffering and the amount of punitive damages such as are authorized under aggravating circumstances of this character, this court cannot hold as a matter of law that the verdict was so excessive as to show bias and prejudice. Therefore, it was warranted by the evidence. See *Central of Ga. Ry. Co.* v. *Clark*, 15 *Ga. App.* 16 (1); *Savannah Electric Co.* v. *Groover*, 16 *Ga. App.* 635 (2).

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed.* *MacIntyre, P. J., and Gardner, J., concur.*