## 35941. PERSONS *v.* THE STATE.

Decided January 24, 1956—Rehearing denied February 8, 1956.

*Marshall L. Fountain,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

GARDNER, P. J. 1. The court did not err in denying the motion to dismiss count 2 of the indictment. See *Holloway* v. *State,* 90 *Ga. App.* 86 (82 S. E. 2d 235).

2. There is ample evidence to support the verdict. See *Holloway* v. *State,* supra.

3. We will take up the special grounds in their order.

(a) Special ground 1 assigns error because the court refused a written request to charge Code § 26-1102. The court did not err in this respect for the reasons that the Code section to which reference is made could only apply where the facts showed that the crime was committed in the performance of a legal act without due caution and circumspection. Code § 26-1102 covers a misdemeanor. There is no evidence that the defendant was engaged in the operation of a legal act without due caution and circumspection. The evidence is overwhelming to establish the fact that the defendant was engaged in an unlawful act, covered by Code § 26-1101 and that is the verdict found by the jury. In this connection we call attention to *Biegun* v. *State,* 206 *Ga.* 618 (5) (58 S. E. 2d 149). In that case the defendant was convicted of murder. The court refused to submit assault with intent to murder and charged Code § 26-1102. In the instant case the learned judge properly refused to charge Code § 26-1102 and properly charged Code § 26-1101 in regard to assault with intent to murder as alleged in count 1 of the indictment. *Sullivan* v. *State,* 121 *Ga.* 183 (5) (48 S. E. 949), *Barrow* v. *State,* 121 *Ga.* 187 (8) (48 S. E. 950) and *Fields* v. *State,* 46 *Ga. App.* 287 (167 S. E. 337), cited by counsel for the defendant, do not change our view of the situation now before the court. This special ground is without merit.

(b) Special ground 2 assigns error because the court erred in charging Code § 26-1101. Our attention is called by counsel for the defendant to *Guiffrida* v. *State,* 61 *Ga. App.* 595 (7 S. E. 2d

34) and *Hunter v. State*, 29 *Ga. App.* 366 (115 S. E. 277). Of course we are familiar with the facts of the instant case and have read also the decisions cited by counsel and we find that the facts in the cases cited are substantially different from the facts in the instant case. We are of the opinion that the statement of the defendant himself refutes the contentions made by counsel. This ground is without merit.

(c) Special ground 3 assigns error because the court admitted, over objection, testimony of Doctor John Pilcher that the cause of the death of the deceased was "secondary to criminal abortion." The physician made an autopsy on the deceased woman. From knowledge gained thereby and from the examination of the deceased the physician was amply authorized to give his opinion that the abortion was a criminal abortion. The defendant himself in a statement admitted that there had been a criminal abortion but stated that the deceased and not the defendant was responsible for the abortion. It must be kept in mind that the crime charged is the death of the deceased mother and not that of the child. This ground is without merit.

(d) Special grounds 4 and 5 assign error because the court admitted in evidence, over objection, an alleged confession of the defendant, and the failure of the court to instruct the jury that since the State offered the alleged confession in its entirety it would be required to find that each and every part thereof was voluntary. In our statement of facts we have set out the circumstances of the request to delete certain statements of the defendant. The court submitted the alleged confession to the jury. In view of the alleged confession as a whole and in view of the other evidence in the case it is our opinion that the court did not err in admitting the alleged confession or in the failure to give the charge requested. These special grounds are without merit.

(e) Special ground 6 assigns error because the court erred in failing to charge that part of Code § 26-1006 which defines involuntary manslaughter in the commission of a "lawful act without due caution and circumspection." The evidence shows clearly that the acts committed were unlawful and therefore such a charge was not indicated. The principles of law in *Warnack v. State*, 3 *Ga. App.* 590 (2) (60 S. E. 288), and *Collins v. State*, 66 *Ga. App.* 325 (4) (18 S. E. 2d 24), are correct but have no application

under the facts of the instant case. This ground is without merit.

(f)   Special ground 7 assigns error because the court erred in charging the jury the law of involuntary manslaughter in the commission of an unlawful act. What we have said regarding special ground 6 hereinabove covers the special ground. This ground is without merit.

(g)   Special ground 8 assigns error because the court admitted in evidence, over objections, certain articles found in the home of the defendant. All the articles mentioned were such as are used in operations of this type and they were found in the home of the defendant. In view of all the other evidence and the whole record, such admission was not harmful to the defendant.

(h)   Special ground 9 assigns error because the court erred in charging the jury that it was not necessary for the State to prove that the defendant acted alone in the case but that if he was present, aiding, and abetting in an abortion which caused the death, then the jury would be authorized to find him guilty. It is alleged that this was harmful and prejudicial to the defendant in that the court failed to instruct the jury as to what would constitute aiding and abetting; that such a charge authorized the jury to convict the defendant by his mere presence when an abortion was being committed, whether or not the defendant had any intent to commit a crime; that such a charge authorized the jury to find the defendant guilty of murder, whether or not express or implied intent was present; that the charge authorized the jury to find the defendant guilty on either count in the indictment, whether or not the alleged abortion was legal or illegal. It is our opinion that the trial court did not go beyond the scope of the evidence and the pleadings in this charge and that the charge is not cause for a reversal for any of the reasons given. This special ground is without merit.

(i)   Special ground 10 alleges that the charge is confusing and misleading and because of such alleged confusing and misleading charge the jury returned a verdict of guilty. The charge of the court as a whole was ample and full and not subject to the criticism relied on in this ground. This ground is without merit.

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*