## SPRINGER *v.* THE STATE.

1. Participation in the commission of the same criminal act and in the execution of a common criminal intent is necessary to render one criminal, in a legal sense, an accomplice of another, and if between two persons who may be engaged in a criminal enterprise, in the execution of which two separate offenses may be committed, there is not this concurrence of act and intent, though each may commit a crime, neither is, in legal contemplation, an accomplice with the other.

2. The actual thief, relatively to the receiver of stolen goods, is an independ-

ent criminal, and although he may commit the larceny by which he possesses himself of stolen goods, he does not and can not participate with the receiver of such goods in the special offense committed by the latter in receiving such goods knowing them to be stolen, and upon the uncorroborated testimony of the former the latter may be convicted.

3. The charge as to confessions, if not strictly appropriate, was not, in view of the record, cause for a new trial in the present case.

4. Under the evidence, the verdict was right, and the court did not err in refusing to grant a new trial.

Argued May 17, Reargued June 21, — Decided July 28, 1897.

Indictment for receiving stolen goods. Before Judge Candler. Fulton superior court. March term, 1897.

The indictment charged, that Springer did buy and receive from W. E. Sanders and Henry Sims three boxes of domestic goods, and eight dozen pairs of pants, of the value of $300, the property of Draper, Moore & Company, the said domestic goods and pants having been feloniously taken and stolen from the storehouse of said Draper, Moore & Co., by said Sanders and Sims, said Springer well knowing at the time he bought and received said goods and pants that they were feloniously taken and stolen, said Sanders and Sims having been tried and convicted of said larceny from the house of said goods and pants. Springer was convicted, and his motion for a new trial was overruled. The motion sets forth, among other grounds, the following:

The verdict is contrary to law and evidence, in that there was no corroboration of the testimony of Sanders and Sims as the law requires; and that there was no evidence showing that the goods mentioned in the indictment were ever received or bought by Springer.

One of the contentions urged by counsel for defendant was, that the State had not proved the conviction of either Sanders or Sims as it was incumbent upon it to do, and the court failed to charge the jury that it was incumbent upon the State to prove this. Touching this ground the trial judge certifies, that there was no request to charge, and that the State clearly proved a plea of guilty to the theft by both Sanders and Sims.

One of the defenses insisted upon was, that the State's evidence showed that before the goods were stolen there was an

arrangement, to which Sanders and Springer were directly parties, that Sanders was to do the actual taking of the goods, Sims was to haul them to Springer, and Springer was to receive and dispose of them; and that if this were true, Springer would be guilty of larceny and not of receiving stolen goods. The court refused a request to charge the jury: "Before you can convict the defendant, the proof must show that the defendant did not participate in the original stealing, either in person or by co-operation, but bought the goods knowing them to have been stolen. If there was an understanding between Springer and the defendants Sanders and Sims that this stealing should be done, then the defendant Springer would not be guilty of the charge of receiving stolen goods, and you should acquit him."

The court erred in refusing to charge, "that the testimony of an accomplice is not sufficient to convict defendant, unless corroborated by other testimony than that of Sanders and Sims, and if there is no corroboration, then you should acquit the defendant."

Also, in refusing to charge: "If you believe from the evidence that Henry Sims is not guilty of larceny from the house, the fact that Sanders be guilty would not authorize you to convict defendant Springer. Both Sanders and Sims would have to be guilty before you can convict the defendant Springer."

The court charged: "If you believe from the evidence in this case that Sanders and Sims or Sims wrongfully and fraudulently took and carried away from the storehouse of Draper, Moore & Company, the firm charged, the goods described in the bill of indictment; that after they did wrongfully and fraudulently take and carry away these goods as charged, that this defendant Springer either bought or received them with the knowledge on his part that they were stolen by these parties, or either of them, from the firm as charged in the bill of indictment,—if you should believe these propositions and believe them beyond a reasonable doubt, it would be your duty to find the defendant guilty." Alleged to be error, in that (1) there was no evidence showing that Springer ever bought or received the goods charged in the indictment; (2) it was incumbent on the State to show that both Sanders and Sims stole the

goods; (3) it was incumbent on the State to show that Springer bought and received the goods from Sanders and Sims.

The court charged: "You must believe that the larceny was committed by one or the other or both of these defendants, Sanders and Sims, and you must believe that this defendant received the goods that were stolen from one or the other or both of these parties, with knowledge at the time that they were stolen." Error, for the reasons assigned as to the next preceding ground, and as containing an expression or intimation that some goods had been stolen.

The court charged: "As to how much corroboration is necessary is a question for the jury, but the corroborating circumstances should be as to the material facts testified to by the accomplice sufficient to make out the essential ingredients of the case, and must be such as to satisfy the jury to a reasonable and moral certainty that the defendant is guilty of the charge in the bill of indictment." Error, because confused and misleading, and because the corroborating circumstances must be such as to connect the prisoner with the offense, and it is not sufficient that the accomplice is corroborated as to the time, place and circumstances of the transaction, if there be nothing to show any connection of the prisoner therewith except the statement of the accomplice.

The court charged: "A confession uncorroborated is not sufficient, standing alone, upon which to base a verdict of guilty. But how much corroboration is necessary for a confession is a question for the jury. The law does not state how much. If you should believe from the evidence in this case that this crime was committed, and you are convinced of that beyond a reasonable doubt, and if you believe this defendant has made any statements to parties, confessing it, and you believe those statements are true, and believe that the crime was committed, that has been held in law sufficient to authorize the jury to believe the party so confessing (if it was made without the hope of reward or fear of punishment), and would be sufficient to authorize the jury to find the defendant guilty." Assigned as error, because not warranted by the evidence, and because there was no evidence that defendant made a confession of the

crime. (There was testimony by J. L. Wooten, that Sims and Sanders, in the presence of Springer, confessed to stealing the goods of Draper, Moore & Company, and that Springer at first denied purchasing them but afterwards acknowledged it.)

*Hoke Smith & H. C. Peeples*, for plaintiff in error.

*C. D. Hill*, solicitor-general, contra.

FISH, J. 1. "An accomplice is strictly defined as one who is associated with others in the commission of a crime, all being principals." 1 Am. & Eng. Enc. L. (2d ed.) 389. Participation in the commission of the same criminal act, and in the execution of a common criminal intent, is therefore necessary to render one criminal, in a legal sense, an accomplice of another. "Criminal intent is a necessary ingredient of crime, and is essential to render one an accomplice. It follows that where this element is absent, one is not an accomplice." Ibid. 391. Applying this rule to a case where two persons are engaged in a criminal enterprise, in the execution of which two separate offenses may be committed, it is obvious that there is not this concurrence of act and intent unless each is guilty of and subject to punishment for both offenses; for though each may commit a crime in connection with the same criminal enterprise, neither is, in legal contemplation, an accomplice of the other. "The test in general to determine whether a witness is, or is not, an accomplice is the inquiry: Could the witness himself have been indicted for the offense, either as principal or as accessory? If he could not be so indicted, he is not an accomplice." Ibid. 390.

2. In *Minor* v. *State*, 58 *Ga*. 551, the accused "was placed upon trial for the offense of simple larceny, alleged to have been committed in the stealing of a cow"; and it was held that: "When the strong and decided weight of the evidence . . . is that the cow was stolen, not by the prisoner, but by others, with or without his procurement, and brought to his premises in his absence; that he there, after the larceny was complete, received the animal, and, without removing it therefrom, took part in slaughtering it, and in removing the meat, and in appropriating it to his own use and the use of some of his confederates, his offense, under the code, is not that of

a principal felon. If he procured the larceny to be committed, he is an accessory both before and after the fact; or, if he did not procure it to be committed, and yet knew the animal to be stolen, he is guilty as accessory after the fact, or of the equivalent misdemeanor of receiving stolen goods, knowing them to be stolen." See page 554.

In this State, receiving stolen goods, knowing the same to have been stolen, is indictable and punishable as an offense separate and distinct from the larceny itself, although the offender's connection with the latter crime is recognized to be that of "an accessory after the fact," and it is provided that he "shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property." Penal Code, §§ 171, 172. "The gist of the offense is the felonious knowledge." *O'Connell* v. *State*, 55 *Ga.* 191, 192. Accordingly, as was held in *Minor's* case, supra, the receiver of stolen goods can not be indicted and punished for the offense of simple larceny, notwithstanding he thus aided and abetted the thief. Nor could the latter be indicted under the sections above cited; for the part he would play in the unlawful transaction thereby rendered penal, would be to "dispose of"—not to "receive"—goods known to have been stolen.

"The authorities are not in accord as to whether an accessory after the fact is or is not an accomplice within the rule that the testimony of an accomplice should be corroborated." 1 Am. & Eng. Enc. L. (2d ed.) 393. In *Lowery* v. *State*, 72 *Ga.* 649, and in *Allen* v. *State*, 74 *Ga.* 769, this court answered this question in the negative, expressing the view that even though a witness be accessory after the fact, he is not an accomplice within the meaning of our statute (Penal Code, §991) providing that no conviction can be had in any case of felony upon the uncorroborated testimony of an accomplice. See also State v. Umble, 115 Mo. 452; People v. Chadwick, 7 Utah, 134; State v. Hayden, 45 Iowa, 11; Harris v. State, 7 Lea, 124. The latter case is peculiarly in point; for it was therein held that the receiver of stolen goods is guilty of a substantive offense, and is not the accomplice of the thief within the mean-

ing of the Tennessee statute requiring a corroboration of accomplices.

3. There was evidence warranting a charge upon the law relating to confessions. The instruction given to the jury in this connection was unobjectionable as an abstract proposition of law, though not, perhaps, nicely adjusted to the facts as disclosed by the evidence. It was general, rather than specific; yet we think it sufficiently indicated to the jury the weight to be áttached to the statements of the accused which the State contended amounted to a confession, under the circumstances attending their utterance, that he knew when he received the goods that the same had been stolen. We are not, therefore, of the opinion that the charge complained of is cause for a new trial. Had the accused desired an instruction on this subject specially framed in order to cover the peculiar facts of the case on trial, it was his right to present a written request so to charge, which, if proper, the trial judge would doubtless have given.

4. The evidence was amply sufficient to sustain the conviction; and for no reason assigned by the plaintiff in error did the court below err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Cobb, J., disqualified.*