## 646. BRADLEY v. THE STATE.

1. Although a person may have had information of the defendant's intention to commit the crime under investigation, prior to the time of its commission, and may afterwards have concealed it, he is not an accomplice of the defendant, within the meaning of the rule requiring corroboration of the testimony of an accomplice.

(a) An accessory after the fact is not an accomplice.

(b) Nor is a receiver of stolen goods an accomplice of the principal thief.

2. In an indictment for larceny or for burglary the ownership of personal property may be laid in the person having actual lawful possession of the same, although he may be holding it as agent or bailee of another. *Wimbish* v. *State*, 89 *Ga.* 294 (15 S. E. 325).

3. No reversible error appears in the record.

Indictment for burglary, from Walker superior court—Judge Wright. June 10, 1907.

Submitted October 7,—Decided October 14, 1907.

*John W. Bale, F. W. Copeland,* for plaintiff in error.

*W. H. Ennis,* solicitor-general, *Walter B. Shaw,* contra.

POWELL, J. 1. The defendant was convicted of burglary. The witnesses upon whose testimony the conviction rested were his accomplice, House, and the latter's wife. Certain assignments of error raise the question as to whether Mrs. House was not also an accomplice. She heard the defendant and her husband planning the burglary and advised them against it; but after the crime had been committed and a portion of the stolen money had been left in her house, she attempted to secrete it from the officers who were searching for it. She was not a principal, for she did not directly or indirectly participate in the crime. She was not an accessory before the fact, because she did not procure, counsel, or command it to be done. She may have become an accessory after the fact, or may have been guilty of the independent offense of receiving stolen goods; but neither of these relations to the case makes her an accomplice. *Lowery* v. *State,* 72 *Ga.* 649; *Allen* v. *State,* 74 *Ga.* 772; *Springer* v. *State,* 102 *Ga.* 447 (30 S. E. 971).

2. The indictment alleged the ownership of the property to be in one Berry. The proof showed that the money actually belonged to a Tennessee corporation by which Berry was employed, but that it had been entrusted to Berry for the purpose of paying off hands,

and that it was stolen from Berry's trunk, where he had placed it for safe keeping. This is sufficient.

3. There are other assignments of error in the case, but we find none of them meritorious. The testimony against the defendant did not come from a very satisfactory source, and he may not be guilty; but he has had a fair trial, and we have no power or inclination to interfere in such cases.　　　*Judgment affirmed.*