2526.   COPELAN *v.* THE STATE.

The evidence, though weak and circumstantial, is not in a legal sense insufficient to support the verdict; the exceptions to the charge and to the rulings on testimony are not meritorious; the ground of the motion for a new trial based on alleged newly discovered testimony does not present such a state of affairs as would authorize this court to overrule the trial judge in his refusal to grant a new trial on this ground.

Indictment for assault with intent to murder; from **Greene** superior court—Judge Lewis.   February 4, 1910.

Argued April 12,—Decided April 19, 1910.

*Park & Park,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

POWELL, J.   We wish that the trial judge had granted a new trial in this case, for we are strongly impressed that this old negro may not be guilty; and we feel, too, that his ignorance is largely responsible for his having been convicted,—that is to say, that if,

prior to the trial, he had put his lawyers in possession of the facts which they subsequently discovered to have existed, as is disclosed by the alleged newly discovered testimony, it is hardly probable that the jury would have found him guilty. But the constitution has conferred on this court no power to grant a new trial because we doubt the defendant's guilt, or merely because we feel that it would better serve the interests of justice that a new trial should be had; there must be error before we can interfere—error of law, not merely error as to facts. This broad power of seeing that justice is done, as to facts as well as to law, is vested in the trial judge; and to this end he has wide, almost unlimited, discretion. The judge who tried this case—one of the fairest, ablest, and best of all the judges in the State—has, by overruling the motion for a new trial, in effect declared that he is satisfied that justice has been done; and with this decision we, as well as the defendant, must be satisfied; for there is no legal error. The newly discovered testimony is more than cumulative, more than impeaching,— is such as would likely change the result if a new trial were granted; yet it is plain that the defendant, if he had used ordinary diligence, could have produced it at the original trial. It is probable that he did not produce it because he is old and ignorant— because he did not know how to prepare his defense. This is a matter which the trial judge had the right to consider; but we have no power to overrule his discretion, as strict law in such cases has made no exception in favor of even old age and ignorance.

We are not speaking thus merely to relieve our personal feelings. We have a purpose. First, we wish to call the attention of the bar and of the trial judges to the difference between the functions of the trial court and of this court as to such matters. And then, we do it as a matter of justice to the old negro—in the hope that the pardoning power will look into the facts of the case carefully.      *Judgment affirmed.*