## 5706.  JACKSON *v.* THE STATE.

1. In an indictment for larceny from the house, the ownership of the house and of the goods alleged to have been stolen can properly be laid in a person who had possession of the house and the goods as the owner's agent at the time of the theft.
2. The oral personal expressions of a judge preliminary to passing upon a motion for a new trial do not affect a final and unequivocal judgment, granting or refusing a new trial.
3. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED SEPTEMBER 11, 1914.

Indictment for larceny from house; from Forsyth superior court —Judge Patterson. April 27, 1914.

*J. P. Brooke,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

RUSSELL, C. J. The defendant was convicted of the offense of larceny from the house. The evidence shows that one Fowler, who had possession and control of a mill belonging to one Jones, and was engaged in conducting its operations, began to miss corn from the toll bin. Finally, in an effort to locate the guilty party, he cut up some thin pink and white paper into very fine particles, so that it would resemble the chaff from the corn, and mixed it with the corn in the bin. A day or two later the defendant brought to the mill some corn, which, upon examination, was found to contain some fine particles of paper similar to that placed in the toll bin by Fowler. Upon being questioned as to how he came into possession of this particular corn, the defendant stated that he got it at Shake Rag, but later stated that he got it at Duluth. Samples of the corn taken from the bin and from that brought to the mill by the defendant were placed in evidence. There was also evidence tending to show that the defendant had endeavored to induce a young boy employed by him to swear that he (the boy) had helped the defendant to shell the corn which the defendant carried to the mill. The defendant moved for a new trial, the motion was overruled, and exceptions are taken to the judgment overruling this motion.

1. The plaintiff in error insists that the conviction was illegal because the indictment charged that the millhouse and the corn were the property of Dock Fowler, when the evidence showed them to be the property of Jones. There is no merit in this contention. The evidence showed that the house was in the possession of Fowler, and that the goods stolen were in his custody and control, as the agent of Jones; and under an indictment for larceny from the house proof of such possession is sufficient to sustain an allegation of ownership. *Markham* v. *State,* 25 *Ga.* 52; *Kidd* v. *State,* 101 *Ga.* 528 (28 S. E. 990); *Thomas* v. *State,* 125 *Ga.* 286 (54 S. E. 182); *Goode* v. *State,* 70 *Ga.* 752; *Peterson* v. *State,* 6 *Ga.* 491 (65 S. E. 311); *Wimbish* v. *State,* 89 *Ga.* 294 (15 S. E. 325); *Bradley* v. *State,* 2 *Ga. App.* 622 (58 S. E. 1064).

2. It is insisted that there was an abuse of discretion on the part of the trial judge in overruling the defendant's motion for

new trial, because at the time of the overruling of the motion he remarked: "If I were to consult my feelings, I would grant a new trial in this case, but I have adopted the rule of not disturbing verdicts of juries, and, therefore, I deny this motion." It appears from the brief of the defendant's counsel that the defendant is a poor but respected farmer, who has resided in the same community for 30 years; and, no doubt this fact, possibly connected with other facts unknown to this court, caused the learned trial judge to have for the defendant a great deal of personal sympathy. Indeed, this is suggested by the fact that the fine imposed in his sentence was only sixty dollars, including the costs of the court. However, as was said by this court in *Merchants & Miners Transportation Co.* v. *Corcoran, 4 Ga. App.* 654 (62 S. E. 130), "In no event can a reviewing court look beyond the order disposing of the motion for new trial, or the recitals in a bill of exceptions affirmatively showing that his discretion was not exercised, to inquire whether the judge has failed to exercise his discretion. Even when the judge gives expression orally to disapproval of a verdict, and does not incorporate it in his final judgment, it is not to be held that this indicated that there was not finality and exercise of discretion; it will be treated merely as indicating that a final decision was not reached without difficulty." The personal remarks of the learned and experienced judge who presided in this case do not indicate that there was not a free and untrammelled exercise of his judicial discretion, or that the refusal of the motion, though he adverted to matters perhaps not disclosed by the record, indicated any abuse of discretion. To paraphrase the statement of Justice Hall in *City of Atlanta* v. *Brown, 73 Ga.* 630, it seems to us to amount merely to a reluctant refusal to exercise his discretion in favor of the defendant. See also *Frank* v. *State,* 141 *Ga.* 247 (19), 283-4 (80 S. E. 1018, 1034). If a presiding judge were to give frank and full expression to his thoughts in every case in which he renders a judgment, it would be found perhaps that in a large proportion of them both doubt and reluctance existed.

3. The evidence for the prosecution, though circumstantial, supported the verdict, and, it not being made to appear that any error of law was committed, it is the duty of this court to affirm the judgment overruling the motion for a new trial. *Copelan* v. *State, 7 Ga. App.* 690 (67 S. E. 833).

*Judgment affirmed. Roan, J., absent.*