## 13808.  GOODBREAD v. THE STATE.

1. The allegation in the indictment that the defendant, " in the county aforesaid, did  .  .  .  break and enter  .  .  .  the office of R. S. Pyles, sheriff of said county, the same being his place of business where valuable goods, wares, and articles were contained," is a sufficiently definite description of the place alleged to have been burglarized, to withstand the demurrer interposed against it.

2. The fact that the sheriff and his deputy summoned the jurors as provided by law did not disqualify such jurors from serving in a case where the defendant was being tried for burglarizing the sheriff's office; the record failing to show that the sheriff or his deputy was the prosecutor in the case, or sustained any personal or pecuniary loss of any kind, or had any interest which could influence them in the performance of this official duty.

3. "Where the act does not designate the length of the term, the judge may adjourn court from week to week, and require the attendance of the same panel during the adjourned session."

4. " It is necessary that the testimony of an accomplice be corroborated by evidence connecting the defendant with the perpetration of the offense, in order to authorize a conviction. It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular."

5. There was sufficient evidence, other than that of the accomplices, to connect the defendant with the perpetration of the crime.

6. The 4th ground of the motion for a new trial (first special ground) is specifically abandoned by counsel for plaintiff in error, and the 5th and 6th grounds are covered by the foregoing rulings.

7. No reversible error of law appears, and the evidence was ample to support the verdict.

DECIDED NOVEMBER 14, 1922.  REHEARING DENIED DECEMBER 13, 1922.

Indictment for burglary; from Glynn superior court — Judge Highsmith.  May 30, 1922.

*R. W. Durden, James R. Thomas & Son,* for plaintiff in error.
*Alvin V. Sellers, solicitor-general,* contra.

BLOODWORTH, J.  J. S. Goodbread was tried in the superior court of Glynn county on an indictment containing two counts: the first charging him " with the offense of felony, for that the said J. S. Goodbread, on the 1st day of March in the year 1919, in the county aforesaid, did  .  .  break and enter, with intent to commit a larceny, the office of R. S. Pyles, sheriff of said county, the same being his place of business, where valuable goods, wares, and articles were contained; and the second charging him " with the offense of felony, for that the said J. S. Goodbread  .  .  did become an accessory before the fact to the offense of burglary,

for that one Charlie Davenport, on March 1, 1919, in the county and State aforesaid, . . did break and enter, with intent to commit a larceny, the office of R. S. Pyles, sheriff of Glynn county, Georgia, the same being his place of business, where valuable goods, wares, and articles were contained, the said J. S. Goodbread not being then and there present, but having procured, counselled, and commanded the said Charlie Davenport to commit the crime." The evidence showed that the defendant and others broke and entered the sheriff's office and the vault therein, and stole therefrom a large quantity of whisky, which they hauled away and sold to one George Ponder. The jury returned a general verdict of guilty, without reference to counts. The bill of exceptions assigns error (1) upon the overruling of defendant's demurrer to the indictment, (2) upon the overruling of his challenge to the array, and (3) upon the overruling of his motion for a new trial.

1. The 1st and 2d grounds of the demurrer are as follows: "Because said indictment fails to allege any house that was broken where valuable wares and articles were contained," and "because said indictment, in the second count therein, fails to allege where the office of R. S. Pyles was located, or in what house, if any, same was in, and whether same was in a house or tent, box-car, or other place." As shown hereinbefore, the indictment alleged that the office of the sheriff was "his place of business, where valuable goods, wares, and articles were contained." In *Davenport* v. *State*, 27 *Ga. App.* 284 (1) (108 S. E. 131), it appeared that Davenport was an accomplice of Goodbread in the particular transaction, and the allegations in the indictment as to the place alleged to have been burglarized were the same as in the case now under consideration, and this court held: "The words 'place of business,' as used in the statute defining burglary, mean *any* house occupied as a place of business by another, in which valuable goods are contained." See also *Keenan* v. *State*, 10 *Ga. App.* 792 (74 S. E. 428); Penal Code (1910), § 146. Under the foregoing authority the allegation in the indictment that the defendant "in the county aforesaid did : . break and enter . . the office of R. S. Pyles, sheriff of said county, the same being his place of business where valuable goods, wares, and articles were contained," is a sufficiently definite description of the place alleged to have been burglarized, to withstand the demurrer.

The 3d and last ground of the demurrer is in part and in substance as follows: " Because said indictment, in the second count thereof, fails to allege that the principal thief was ever tried and convicted for the offense of burglary." In the judgment of the trial judge overruling the motion for a new trial it is said: " The indictment in within case contains two counts, the case having been submitted to the jury on the first count only. The court inadvertently omitted to instruct the jury to specify the count in the verdict, but recalled not having done so immediately upon the jury retiring. Counsel for defendant consented that the jury not be recalled for this purpose, and agreed that in case of conviction the verdict be treated as on the first count of the indictment; whereupon the court did not recall the jury and instructed [instruct?] them to specify the first count." Since the case was " submitted to the jury on the first count only," and counsel for defendant agreed that " in case of conviction the verdict be treated as on the first count," and since a general verdict of guilty was returned against the defendant, it is unnecessary to consider the alleged defect in the second count of the indictment.

2. The first ground of the challenge to the array is in substance that the jury are disqualified because they were summoned by the sheriff and his deputy, who were " interested in the property alleged to have been stolen." The fact that the sheriff and his deputy summoned the jurors as provided by law did not disqualify such jurors from serving in this case, where the defendant was being tried for burglarizing the sheriff's office. The record does not show that the sheriff or his deputy sustained any personal or pecuniary loss of any kind, but on the contrary shows that the property stolen was whisky which the sheriff had confiscated in an official capacity. Hence the record fails to show that the sheriff or his deputy had any interest which could influence them in the performance of this official duty. Nor does the record show that the sheriff or his deputy was the prosecutor in the case; and the cases cited in the brief of counsel for the plaintiff in error on this question are not in point. See *Powell* v. *State, 27 Ga. App.* 315 (1) (108 S. E. 245).

3. The second ground of the challenge to the array is: " because said panel of jurors was not regularly drawn and summoned as required by law, because said panel was drawn for the first week

for the said superior court which convened on the third Monday in December, 1921, and which said court adjourned over until 9th day of January 1922. At the end of said week beginning on January 9 said panel of jurors was requested by the court or by the court officers to appear for duty on Monday, January 16, 1922, and which is the second week of said superior court; therefore said jury is ineligible and disqualified to render service, and to sit in judgment on the defendant's case." The act of 1911 (Ga. L. 1911, p. 80) provides that Glynn superior court shall commence on the third Mondays in May and December, and continue " as long as the public business may require; " and in *Buchanan* v. *State,* 118 *Ga.* 751 (6) (45 S. E. 607), the Supreme Court held that " where the act does not designate the length of the term, the judge may adjourn court from week to week, and require the attendance of the *same panel* during the adjourned session." Under this authority there is no merit in the second ground of the challenge to the array.

4. The 7th and 8th grounds of the motion for a new trial complain of the following excerpts from the charge: " The extent of the corroboration and sufficiency of the corroboration is for the jury. It is not essential that it shall of itself (that is to say, corroborating testimony shall of itself) be sufficient to warrant a verdict of guilty, or that the testimony of an accomplice shall be corroborated in every material particular; it is necessary, however, that the testimony of an accomplice shall be corroborated to that extent that the corroborating circumstances are sufficient within themselves to authorize an inference of the defendant's guilt." " It is not necessary that the corroborating testimony be sufficient to, in and of itself, establish the defendant's guilt beyond a reasonable doubt, but the other testimony, the corroborating testimony, independent of that of the accomplice, in order to authorize a conviction, where a witness in the case is an accomplice, shall be sufficient to connect the accused with the criminal act, warrant an inference of the defendant's guilt independent of the testimony of the accomplice." These charges, construed together, as they were given to the jury, are substantially correct, and are not subject to the criticisms lodged against them. In *Hargrove* v. *State,* 125 *Ga.* 274 (54 S. E. 166), the Supreme Court said: " It is necessary that the testimony of an accomplice be corroborated by

evidence connecting the defendant with the perpetration of the offense, in order to authorize a conviction. It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular." See also *Evans* v. *State,* 27 *Ga. App.* 316 (2) (108 S. E. 129).

5. The 9th ground of the motion for a new trial, complaining that there was no evidence submitted upon the trial that connected the defendant with the commission of the crime, except the direct evidence of his accomplices, is without merit. Granting that George Ponder, who did not participate in the burglary, was guilty of receiving stolen goods, he was not an accomplice of the principal thief. *Bradley* v. *State,* 2 *Ga. App.* 622 (58 S. E. 1064), and cases cited. He swore: " I think Mr. Goodbread [defendant], Mr. Davenport, and Zant brought it in. . . I am positive that all three of them were there that night." This evidence alone " connected the defendant with the perpetration of the crime."

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

### ON MOTION FOR REHEARING.

BLOODWORTH, J. The chief contention in the motion for a rehearing is that the indictment shows that the sheriff, R. S. Pyles, was the prosecutor in the case. In this the distinguished counsel are in error. The indictment in the record before us has the name of no one on it as prosecutor, and is marked " special presentment."

                            *Motion for rehearing denied.*