25391. PEACOCK *v.* THE STATE.

DECIDED JULY 6, 1936.

*R. Earl Camp,* for plaintiff in error.
*Lester F. Watson, solicitor,* contra.

MACINTYRE, J. The city court of Dublin, created by the act of 1900, p. 117, has what is called monthly terms held on the second Monday in each month, and quarterly terms to be held on the first Monday in March, June, September, and December. The act provides that "the terms of said court shall last until the business of the court shall be disposed of; and the judge may set cases for trial at different times, and the same may then be tried as of term, whether the court has been held from day to day until said time or not." In all criminal cases, where a jury is demanded, the case stands for trial at the first or second quarterly term, "as similar causes would be tried in the superior court." Acts 1900, p. 123. Only suits for not over one hundred dollars principal

are returnable to the monthly terms of said court, and they stand for trial at the first term by the judge without the intervention of a jury; provided, that in any such case where more than fifty dollars is involved, and an issuable defense is filed on oath, and a jury is demanded, such case shall be transferred to the next quarterly term of said court and shall then stand for trial by a jury. "All other causes and proceedings must be brought to the quarterly terms." Acts 1900, pp. 122, 123. This being a criminal case, and standing for trial before a jury, it necessarily must be tried in the quarterly term, and could not be tried in the monthly term. We think, therefore, that the monthly term fades from the picture, and we can consider this case as if there were no monthly term; and this case should be tried with respect to the quarterly terms "as similar cases would be tried in the superior court." In the superior court, "when, at the adjournment at the regular term of a court, it is ordered that an adjourned term will be held, a jury is drawn therefor, and the adjourned term continues for more than one week, it is competent for the judge to hold the jury for the second week, and it is not a good ground for challenge to the array that this is done." Brinkley v. State, 54 Ga. 371 (6). The act creating the city court of Dublin did not require the court to sit for two weeks, hence it was in the discretion of the trial judge to adjourn court from week to week, or hold an adjourned term at a date fixed beyond the second week and require the same jury to attend, or to draw new jurors for the same. Buchanan v. State, 118 Ga. 751 (6) (45 S. E. 607); Cribb v. State, 118 Ga. 316 (45 S. E. 396); Hays v. State, 16 Ga. App. 20 (84 S. E. 497); Goodbread v. State, 29 Ga. App. 195 (115 S. E. 44); Brinkley v. State, supra. Code, § 24-3009, which has reference to adjourned and special terms, is applicable in this case, and not § 59-710, which plainly refers to the regular terms and to counties where by law a court sits for two weeks. Hence the defendant's challenge to the array and plea in abatement, on the ground that "the jurors put upon the defendant in the trial of his case are the same jurors impaneled, drawn, summoned, and sworn at the regular September quarterly term of the city court of Dublin, which convened on the 2nd day of September, 1935, and which by law is set to convene on the first Monday in September of each year, and that the September quarterly term of city court of Dublin had been in session

for more than four weeks prior to the date on which the defendant was tried and convicted, and said jurors and the panels thereof put upon the defendant had been in continued session and service of the court, except for temporary recesses, for more than four weeks at the time of defendant's trial; that the regular September term, 1935, of the city court of Dublin, which should have been convened on the third Monday in September or September 16th, was attempted to be adjourned by the judge of the city court on the 5th day of September, 1935, while the quarterly term of the city court was still in session and before the convening of. said monthly term," and that "the panel of jurors put upon the defendant had been in service of the September quarterly term of the city court of Dublin from the 2nd day of September, 1935, until the date of said verdict against the defendant on the 18th day of October, 1935," were not meritorious. It should also be noted that the act of 1900, supra, says (sec. 8): "The judge of the said city court may hold adjourned terms of said court when in his discretion the same is advisable, and the jurors summoned to the quarterly terms immediately preceding such adjourned term shall serve at such adjourned term."

The evidence unquestionably authorized the jury to find the defendant guilty.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*