29561. HARRIS *v.* THE STATE.

DECIDED MAY 6, 1942. REHEARING DENIED JUNE 6, 1942.

*Grover C. Willis Jr., Joseph O. McGehee,* for plaintiff in error.
*Hubert Calhoun, solicitor-general, Ed Wohlwender,* contra.

GARDNER, J. This defendant was indicted for knowingly receiving stolen property. The indictment charged that the defendant received 1564 pounds of pecans from Willie Jones and Clinton Raines, who had obtained the nuts from Southland Pecan Company by burglary, and that Jones and Raines had entered pleas of guilty to the charge of burglary. The jury found the defendant guilty. He filed a motion for new trial which was overruled and he excepted.

1. Ground 1 of the amendment to the motion complains that the court erred in giving in charge the law with reference to burglary. Since the indictment against this defendant alleged that the principal offenders had obtained the nuts in question by burglary, and since in this case the defendant was subject to the same punishment as the principals, we think the court properly. charged the definition of burglary.

2. Ground 2 complains that the charge to the jury with reference to determining whether or not the defendant had knowledge that the nuts were stolen was argumentative and prejudicial. While we do not deem it of any benefit to set out in detail the charge complained of, suffice it to say that it was in effect practically the same as a charge on the same subject approved by the Supreme Court in *Birdsong* v. *State*, 120 *Ga.* 850 (48 S. E. 329). This ground is without merit.

3. Ground 3 complains that "The tone and wording of the charge of the court was such that, the charge taken as a whole was argumentative in its nature." As to the charge being argumentative, we refer to what has been said in the preceding division. As to the tone of voice of the judge, this is not reviewable by this court. *Williams* v. *State*, 170 *Ga.* 886 (3) (154 S. E. 363). This ground is without merit.

4. As to the general grounds, the evidence abundantly supported the verdict. Both Jones and Raines, the principal thieves, testified that they had obtained the nuts from the Southland Pecan Company and delivered them to the defendant, informing him as to how they had been obtained. The principal thieves were not accomplices of the defendant in the charge of receiving stolen property in the sense that the testimony of an accomplice must be. corroborated to sustain a conviction. See in this connection *Springer* v. *State*, 102 *Ga.* 447 (30 S. E. 971). Moreover, if they were such accomplices, the consistent testimony of two or more accomplices needs no further corroboration. *Wise* v. *State*, 52 *Ga. App.* 98 (182 S. E. 535). Aside from either of these reasons the record contains ample evidence of corroboration.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*