## 61998. STOVER v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of theft by receiving stolen property. The indictment set out more than 100 specific dates between November 1976 and January 1979 when the defendant was alleged to have received stolen pigs in connection with his operation

of a livestock buying station. The primary witness for the state was the manager of the victim's pig farm, who had previously been convicted of the theft of the pigs. He testified that he took the owner's pigs to the buying station and that the defendant paid him something less than the market price in checks made out to fictitious names. The manager cashed the checks and kept the money. *Held:*

1. Defendant contends that he was convicted on the uncorroborated testimony of an accomplice. The testimony of a single witness is generally sufficient to establish a fact. There is an exception in a felony case where the only witness is an accomplice. See Code Ann. § 38-121. However, a thief and one who receives stolen property from him are not accomplices. *Plummer v. State,* 126 Ga. App. 482 (191 SE2d 333) (1972). Moreover, there was other evidence in this case, including portions of the defendant's own testimony, which provided at least slight corroboration for the manager's testimony. See generally *Quaid v. State,* 132 Ga. App. 478 (1) (208 SE2d 336) (1974).

2. The defendant also contends that reversal is required because the state's attorney characterized him as a liar during cross examination. When counsel objected, the state's attorney withdrew his comment and apologized. Since no request for mistrial or further objection was made, this issue has not been preserved for appeal. See *Pritchard v. State,* 225 Ga. 690 (171 SE2d 130) (1969).

3. Lastly, defendant complains that a letter from the Department of Agriculture was improperly admitted in evidence. The letter was an admonition concerning improper practices by the defendant in the buying, weighing, and selling of hogs and was offered to show a deviation from standard business practices. Although defense counsel offered preliminary objections to the document, he stated that he had no objection to it when it was finally offered into evidence. The objection cannot now be raised on appeal. See *Childers v. State,* 130 Ga. App. 555 (1) (203 SE2d 874) (1974).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 26, 1981.

*Stephen A. Kermish,* for appellant.
*Rafe Banks III, District Attorney, George W. Weaver, Assistant District Attorney,* for appellee.