## 64723. SELVIDGE v. THE STATE.

Birdsong, Judge.

The appellant was tried on three separate indictments, each charging him with theft by receiving stolen property with a value of more than $200. The trial court granted his motion for verdict of acquittal on the second indictment, and the jury found him guilty on

the other two. This appeal is from the denial of his motion for new trial.

The first indictment charged the appellant with receiving property stolen from a hardware store known as Hayes Truck & Tractor, the second with receiving property stolen from Malcolm's Grocery, and the third with receiving property stolen from a convenience store known as Pop Breedlove's. David Grant testified that in June of 1980, he and Jay Mitchell Flowers, the appellant's half brother, burglarized Malcolm's Grocery and carried the bulk of the loot (mostly beer, wine, cigarettes, and groceries) to the appellant's trailer, where Flowers and the appellant were both living at the time. Grant testified that the appellant was present when they unloaded the goods and that they told him the property had been stolen. The trial court directed a verdict in the appellant's favor on this indictment for the stated reason that there was no evidence to corroborate Grant's testimony.

With regard to the burglary of Pop Breedlove's store, Grant testified that he and Flowers had committed this offense with the appellant's direct assistance in driving them to the scene and back, and there was evidence that two walkie-talkies stolen from the store were later discovered during a search of the appellant's trailer. Grant testified that he had seen these walkie-talkies on the appellant's premises subsequent to the night of the burglary but that each time they were outside the trailer and in Flower's possession. The appellant admitted knowing the walkie-talkies were in the trailer but stated that he believed they belonged to his two brothers and/or his grandfather. Appellant supported this explanation by the testimony of both his grandparents to the effect that the grandmother had previously purchased at least three walkie-talkies of the same brand as gifts for her husband and her other two grandsons.

With regard to the Hayes Truck & Tractor burglary, the evidence established that tools similar in quantity, quality and appearance to those stolen from the establishment were seized from a storage shed adjoining the appellant's trailer during the execution of the same search which led to the seizure of the walkie-talkies. The appellant testified that he did not know the tools were there and that Flowers also had access to the shed. He denied having participated in any of the burglaries or having been present when any of the merchandise referred to by Grant was brought to his home. *Held:*

1. A summary of the evidence indicates that David Grant and Jay Flowers committed a burglary of Malcolm's Grocery stealing primarily foodstuff. Half the stolen goods were taken to Grant's residence and the other half taken to Selvidge's trailer where Flowers

lived with Selvidge. Grant testified that Selvidge watched the stolen groceries brought into the trailer and stored. Thereafter, the foodstuff was all consumed and none was found on the premises. Therefore, the only evidence connecting Selvidge to the burglary of Malcolm's store and the receipt of the fruits of that burglary was the uncorroborated testimony of Grant. Thus, though the grant of directed verdict of acquittal as to that count was proper, the evidence of Selvidge's knowledge that Grant and Flowers were engaged in acts of burglary and that he received the products of their misdeeds was a factor to be weighed by the jury in the other counts.

As to the burglary of Pop Breedlove's store, accepting the story of Grant, he testified that only he and Jay Flowers discussed a burglary. There is not even a scintilla of evidence that they ever mentioned their plans to Selvidge. Though Selvidge drove Grant and Flowers to a point near Breedlove's store and let the two youths out, Selvidge then drove on to Manchester, apparently nearby. After the burglary was completed, Flowers walked on into Manchester to get Selvidge. Thus there appeared to be no agreement for Selvidge to pick them up. Grant testified that when they got out of the car, he (Grant) did not know how they (Flowers and Grant) were going to get the stolen foodstuff and beer back home. Again there is no evidence that Selvidge was even aware of the plans except for a statement apparently made by Selvidge when he got back to the roadside near Breedlove's: "Did you get all you wanted?" It was only after the three returned home that Grant saw the walkie-talkies. These were clearly identified as being the ones taken in the burglary and not only were they found at Selvidge's trailer but Selvidge admitted possessing them. Though he gave an explanation (that he thought they were walkie-talkies purchased by his grandmother for members of his family), this was a question of fact for the jury.

The evidence of Selvidge's driving to and from the point of the burglary points to nothing more than mere presence. Grant's testimony shows that Selvidge simply was transporting the burglars to a place close to the burgled store for he left them off and drove on to Manchester. Grant had no idea how he was going to get back home which wholly belies any agreement or understanding by Selvidge that a burglary was going to take place or that he was a party to it. Selvidge's question after the burglary, "Did you get all you wanted?" is fully consistent with knowingly receiving stolen property and at best raises a bare suspicion that he was a party to the burglary. In my opinion, this excludes any guilt of Selvidge as to the crime of burglary. If Selvidge was not a party to the burglary, then he was not an accomplice to the crime of burglary or theft by taking. Moreover, Grant could not be an accomplice to the crime of receiving the

property he had stolen; therefore, his testimony would not be excludable as an accomplice in relation to Selvidge's receipt or knowledge. See *Springer v. State,* 102 Ga. 447 (30 SE 971); *Harris v. State,* 67 Ga. App. 446, 447 (4) (20 SE2d 434). The cases of *Patterson v. State,* 109 Ga. App. 582 (137 SE2d 74) and *Goodbread v. State,* 29 Ga. App. 195 (115 SE 44), cited in the dissent, both deal with situations where the defendant was directly or indirectly involved in the theft (and was charged with the theft — not receiving stolen property). In each of those cases, the testimony of a co-accomplice needed corroboration, a fact not present in the instant case. In fact, the *Goodbread* case, supra, at p. 199, holds: "Granting that George Ponder, who did not participate in the burglary, was guilty of receiving stolen goods, he was not an accomplice of the principal thief." Grant's testimony was sufficient to warrant conviction.

As to the burglary of Hayes Truck & Tractor, Grant was unable to shed much light on that crime. However, the evidence clearly demonstrated that Selvidge was the owner of the trailer and the property upon which the shed was located. Though Flowers lived with Selvidge, there is no indication that Flowers had any proprietary interest in any of the buildings or land. Thus the inference of possession flowing from ownership supports the finding of receiving the stolen tools located at the shed by Selvidge. See *Cleveland v. State,* 155 Ga. App. 267 (270 SE2d 687). See also *Jarrard v. State,* 163 Ga. App. 99 (292 SE2d 488).

In both *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480) and *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157), cited by the appellant, sole proprietorship was not shown. Thus the rule of equal access had relevance. In this case, the mere presence of Flowers on the premises does not establish that he had the right of equal access to the shed with Selvidge. The sole proprietor of the premises (Selvidge) is charged with knowledge of and possession of the stolen property which equally authorizes a finding by the jury of receipt of stolen property. Taken together with his apparent knowledge of other burglaries and his possession of the stolen property, this warranted conviction of receiving the property stolen from the Hayes Truck & Tractor business. See *Galloway v. State,* 157 Ga. App. 85, 87 (2) (276 SE2d 135).

2. Appellant complains that there was insufficient evidence of value of the items stolen to support a felony sentence. We disagree. The victims were merchants engaged in the business of buying and selling merchandise such as that stolen. There was testimony offered, without objection that the loss in the Breedlove burglary was in an amount of almost $1,000 and in the Hayes' case that tools of a value of over $1,300 were taken. The items in the Breedlove burglary were

placed in the possession of Selvidge by the testimony of Grant. The tools taken from Hayes reasonably were identified as being the same type and kind stolen, and subsequently found in a shed under Selvidge's proprietary control. We conclude this is minimally sufficient, at the least, to support possession of stolen property (and also of receiving same) of a value of $200 or more so as to support a felony sentence. *Lee v. State,* 162 Ga. App. 259, 261 (3) (290 SE2d 307). Moreover, the evidence as to value was received without objection and could not be raised after conviction either on a motion for new trial or in this court. *Hart v. State,* 227 Ga. 171 (179 SE2d 346); *Moore v. State,* 138 Ga. App. 902 (2) (227 SE2d 809).

3. The remaining enumerations of error have all carefully been examined.

(a) There is sufficient circumstantial evidence, as supported by other direct evidence, to warrant a jury finding of guilt beyond a reasonable doubt.

(b) We are satisfied beyond a reasonable doubt that the victim Hayes sufficiently identified the tools recovered from Selvidge's out building as being his and the ones taken from his store.

(c) There was no error in allowing impeaching testimony in a statement made by the witness Flowers to a police officer which was inconsistent with what he reputably said to his grandmother in her in-court testimony, especially in the absence of an objection or motion to strike.

(d) We find no merit, either, in any of the other numerous asserted errors raised by the appellant.

*Judgment affirmed. Quillian, P. J., McMurray, P. J., Sognier, and Pope, JJ., concur. Shulman, C. J., and Deen, P. J., concur in the judgment only. Carley, J., concurs in part and dissents in part. Banke, J., dissents.*

DECIDED MARCH 14, 1983 —
REHEARING DENIED MARCH 30, 1983 —

*G. Alan Blackburn,* for appellant.
*John T. Strauss, District Attorney, Steven A. Hathorn, Jim Morgan, Assistant District Attorneys,* for appellee.

CARLEY, Judge, concurring in part and dissenting in part.

With regard to the indictment relating to the burglary of Pop Breedlove's store, I agree with the majority that Grant's testimony was sufficient to support appellant's conviction of that burglary. However, I join the dissent in concluding that the evidence was insufficient to sustain the conviction for theft by receiving with

respect to the property stolen from Hayes Truck and Tractor.

BANKE, Judge, dissenting.

1. The majority is simply incorrect in its conclusion that Grant's testimony evidences no prior awareness by the appellant of the plan to burglarize Pop Breedlove's store. Grant testified that after he and Flowers planned the burglary, Flowers spoke with the appellant, and the appellant then drove the two of them to the store. All of this took place in the middle of the night, and Grant stated that he left the appellant's vehicle carrying a crowbar. Although it is true Grant testified that initially he did not know how he and Flowers were going to get back with the loot, the majority neglects to mention that Grant also said he asked Flowers about this problem, and Flowers told him the appellant was coming back for them. Grant further testified that after the burglary was completed, the appellant drove back to the vicinity of the store, cut his headlights, asked if they had gotten everything they wanted, and waited while they loaded the vehicle with the stolen property.

I do not comprehend how this testimony can be characterized as evidencing no participation by the appellant in the commission of the burglary. Rather, I believe that Grant directly implicated the appellant as an accomplice to the burglary and that Grant's testimony must consequently be corroborated in order to support the appellant's conviction for receiving property stolen in that burglary. See generally OCGA § 24-4-8 (Code Ann. § 38-121). Accord *Patterson v. State,* 109 Ga. App. 582 (137 SE2d 74) (1964). Compare *Harris v. State,* 67 Ga. App. 446 (4) (20 SE2d 434) (1942); *Goodbread v. State,* 29 Ga. App. 195 (5) (115 SE 44) (1922).

Aside from Grant's testimony, the only evidence connecting the appellant to the property stolen from Pop Breedlove's was the discovery of the two walkie-talkies in his trailer. However, the appellant shared this trailer with Flowers, and there is absolutely nothing, aside from Grant's testimony, to indicate that the appellant knew these items were stolen. In fact, it is undisputed that the appellant's grandmother had given at least three walkie-talkies of the same make to various members of his family, and the appellant testified that he believed these were the walkie-talkies in his trailer.

"Where in a felony case the only witness implicating the defendants in the crime is himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as to connect the defendants with the offense and lead to an inference of guilt independent of the testimony of the accomplice." *Patterson v. State,* supra, at 582, 583. Because there are no such corroborating circumstances in this case, I would reverse the

appellant's conviction for knowingly receiving the property stolen from Pop Breedlove's. See generally OCGA § 16-8-7 (Code Ann. § 26-1806).

2. I find no evidence at all to support the appellant's conviction for receiving property stolen from Hayes Truck & Tractor. Insofar as this offense was concerned, the sum total of the state's case was merely that property stolen from the store was discovered in a shed adjacent to the trailer which the appellant shared with Flowers, the actual perpetrator of the burglary. There was evidence that Flowers had free access to this shed. "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480) (1970); *Blankenship v. State,* 135 Ga. App. 482, 483 (218 SE2d 157) (1975). I would accordingly reverse the appellant's conviction of this offense, also.