39889. SELVIDGE v. THE STATE.

BELL, Justice.

Selvidge was tried on three counts of theft by receiving. The counts charged him with receiving stolen goods from, respectively, a

hardware store known as Hayes Truck and Tractor, Malcolm's Grocery, and a convenience store known as Pop Breedlove's. Selvidge was granted a directed verdict on the Malcolm's Grocery count, but was convicted on the remaining counts. Selvidge appealed, and the Court of Appeals affirmed the two convictions. *Selvidge v. State,* 166 Ga. App. 80 (303 SE2d 294) (1983). We granted certiorari to review a question relating solely to the Pop Breedlove's count: whether the testimony of David Grant, the burglar of Breedlove's store and the principal witness against Selvidge on the Breedlove's count, required corroboration under OCGA § 24-4-8 (Code Ann. § 38-121). In answering this question, we will supplement the facts as stated by the Court of Appeals only where necessary to this opinion.

A basic rule of our criminal law is that in a felony case the uncorroborated testimony of an accomplice is insufficient to support a conviction. OCGA § 24-4-8 (Code Ann. § 38-121); *Kesler v. State,* 249 Ga. 462 (2) (291 SE2d 497) (1982); *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202) (1973). Applying the traditional definition of an accomplice — one who is a party to the crime, *Kilgore v. State,* 251 Ga. 291 (1)(a) (305 SE2d 82) (1983); *Moore v. State,* 240 Ga. 210 (1) (240 SE2d 68) (1977); *Ford v. State,* 232 Ga. 511 (7) (207 SE2d 494) (1974) — and relying upon the general rule that a thief and the receiver of the goods he has stolen are not accomplices within the meaning of OCGA § 24-4-8 (Code Ann. § 38-121), see *Springer v. State,* 102 Ga. 447 (1)(2) (30 SE 971) (1897); *Harris v. State,* 67 Ga. App. 446 (4) (20 SE2d 434) (1942), cited in *Selvidge,* supra at 83; accord, *Birdsong v. State,* 120 Ga. 850 (1) (48 SE 329) (1904); *Stover v. State,* 158 Ga. App. 644 (1) (281 SE2d 642) (1981); *Bradley v. State,* 2 Ga. App. 622 (1) (58 SE 1064) (1907); contra, *Roberts v. State,* 55 Ga. 220 (1) (1875), the Court of Appeals found that Selvidge and Grant were not accomplices. Accordingly, the court concluded that Grant's testimony as to Selvidge's participation in the crime of receiving stolen goods from Breedlove's store did not have to be corroborated. *Selvidge v. State,* 166 Ga. at 82-83. We disagree with the court's conclusion that Grant and Selvidge were not accomplices; however, we uphold the court's affirmance of Selvidge's conviction on the Breedlove's count because we find that sufficient corroboration existed.

Although we agree that the general rule is that a thief and his receiver are not accomplices within the meaning of OCGA § 24-4-8 (Code Ann. § 38-121), we find that, in light of the evil which § 24-4-8 (Code Ann. § 38-121) is designed to remedy, an exception to this general rule is justified where there is evidence that the thief and the receiver have engaged in a common criminal enterprise. See 53 ALR2d 817, 838-846; Wilson v. Commonwealth, 75 SW2d 202 (Ky.

1934); People v. Lima, 154 P2d 698 (Cal. 1944). The corroboration requirement of OCGA § 24-4-8 (Code Ann. § 38-121) is based upon the concern that an accomplice, due to motives such as a hope or promise of leniency or immunity, may perjure himself to aid the state in procuring the conviction of others. 7 Wigmore on Evidence, § 2057 at 322 (3rd Ed. 1940); 30 AmJur2d 323, Evidence, § 1148; *Coleman v. State,* 227 Ga. 769 (1) (183 SE2d 379) (1971). In cases where the thief and his receiver have acted pursuant to a common criminal enterprise and one or both are testifying against the other, the opportunity and motives for perjury which present themselves are essentially the same as those in criminal prosecutions involving the traditional forms of accomplices, and the testimony should be afforded the same measure of distrust.

For this reason, we now hold that, if a thief and a receiver of stolen goods have acted pursuant to a common criminal enterprise, they are to be considered accomplices within the meaning of OCGA § 24-4-8 (Code Ann. § 38-121). Accordingly, the Court of Appeals' decision in the instant case and the other cases cited above which have held that the thief and receiver are not accomplices of each other are hereby disapproved to the extent they are inconsistent with this opinion. We emphasize, however, that many cases involving a thief and a receiver of stolen goods will fall outside the ambit of the above exception, in that there will have been no connection between the thief and the receiver other than the passing of stolen goods from one to the other. In those instances, the thief and receiver are not accomplices, and no corroboration is necessary.

In the instant case, there is some evidence that Grant and Selvidge were involved in a common criminal enterprise. There was evidence that Selvidge drove Grant and Flowers to Breedlove's, where he dropped them off and left the scene. Grant's testimony shows that, when Selvidge returned close to midnight and picked them up in front of the store, they loaded goods stolen from Breedlove's into Selvidge's car. Moreover, the record shows that Grant, Selvidge, and Flowers aided each other in transporting the goods to Selvidge's trailer and in consuming and disposing of the stolen goods. Under these circumstances, we find that Grant should be considered an accomplice of Selvidge for the purposes of the evidentiary rule of OCGA § 24-4-8 (Code Ann. § 38-121).

It being determined that Grant was an accomplice of Selvidge, it follows that his testimony as to Selvidge's identity and participation in the crime of receiving stolen goods had to be corroborated, and that that corroboration had to be independent of Grant's testimony. *Kesler v. State,* 249 Ga. at 465-466; *Milton v. State,* 248 Ga. 192 (2) (282 SE2d 90) (1981). The sufficiency of corroborating evidence is

peculiarly a matter for the jury to determine, and slight evidence, which may be circumstantial, connecting the defendant with the crime is sufficient corroboration. *Kesler v. State,* 249 Ga. at 466; *Meeker v. State,* 249 Ga. 780 (3) (294 SE2d 479) (1982).

We find that there was sufficient independent evidence corroborating Grant's testimony. First, the two walkie-talkies found at Selvidge's mobile home were identified by Ms. Breedlove as the ones stolen during the burglary. She testified that a chipped corner near the battery compartment of one walkie-talkie, and slightly bent and broken antennas on both, identified the walkie-talkies as the ones stolen from the store. Although Selvidge offered an explanation that he thought the walkie-talkies were left at the trailer by his brother or grandparents, the jury was authorized to resolve this conflicting evidence against Selvidge. See *Ladson v. State,* 248 Ga. 470 (5) (285 SE2d 508) (1981); *Rowland v. State,* 141 Ga. App. 643 (234 SE2d 183) (1977). Most importantly, testimony of Bella Grant, David's wife, connected Selvidge to the crime of theft by receiving. The Breedlove's burglary occurred during the late evening hours of December 1, 1980, and the early morning hours of December 2, 1980. Bella Grant testified that one night in early December of 1980, David, Flowers, and Selvidge drove off together from Selvidge's trailer, leaving her there alone. She testified that the three men came back around midnight and carried a lot of beer and foodstuffs into the trailer. We find that the above evidence constitutes sufficient independent corroboration of David Grant's testimony as to Selvidge's participation in the crime of receiving goods stolen from Breedlove's store.

Accordingly, although we disagree with the Court of Appeals' holding that Grant's testimony did not have to be corroborated, we uphold its affirmance of Selvidge's conviction on the Breedlove's count because of our finding that Grant's testimony was sufficiently corroborated.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 1984.

*G. Alan Blackburn,* for appellant.
*John T. Strauss, District Attorney,* for appellee.